Gordon D. MERTENS, Sr., and Marcella Mertens, Plaintiffs-Appellants,

v.

Ralph HUMMELL, Individually and as Chief of Police of Barrington Hills et al., Defendants-Appellees.

No. 77–1734.

United States Court of Appeals, Seventh Circuit.

Argued June 14, 1978.

Decided Aug. 21, 1978.*

Opinion Nov. 17, 1978.

Eliot A. Landau, Woodridge, Ill., for plaintiffs-appellants.

James R. Schirott, David R. Novoselsky, Chicago, Ill., for defendants-appellees.

Before CUMMINGS, SPRECHER and BAUER, Circuit Judges.

---

* This appeal was originally decided by unreported order on August 21, 1978. See Circuit Rule

35. The court has subsequently decided to issue the decision as an opinion.

PER CURIAM.

The court, having read the briefs, addressed itself to the record, and heard oral arguments, finds no abuse of discretion and no violation of constitutional rights in the lower court's order dismissing the appellants' case under Rule 37(b) for noncompliance with pre-trial discovery orders. Similarly, we find no abuse of discretion in the lower court's denial of leave to file a third amended complaint.

Accordingly, for the reasons set forth in the district court's memorandum opinion, that opinion is affirmed and adopted as the opinion of this court. Costs are awarded to the appellees.

AFFIRMED.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

NO. 75 C 88

GORDON MERTENS, SR., et al.,

*Plaintiff,*

v.

RALPH HUMMELL, et al.,

*Defendants.*

## MEMORANDUM OPINION

There is pending before the court a motion by certain defendants in this case to dismiss the instant action pursuant to F.R. Civ.P. 37(b)(2)(C) and 37(d).

This motion accords with the report of Magistrate Balog, dated April 6, 1977, which recommended that the action be dismissed. The magistrate's report noted that the plaintiffs had failed to comply with several orders to produce discovery materials. Magistrate Balog also commented that the plaintiffs had failed to comply with an order to prepare a first draft of the final pretrial order for this case.

On November 10, 1976, the defendants filed a request to produce certain materials. This included a request (No. 5) for

"[a]ny and all statements, transcriptions, records, notes, memoranda or other documents of interviews with witnesses to the said occurrence, persons present before or after said occurrence, persons who have knowledge of said occurrence, persons who have knowledge of the allegations of the plaintiffs' complaint and persons who have knowledge concerning the plaintiffs' physical or mental condition before, during and after the said occurrence."

The record indicates that the defendants repeated their insistence upon compliance with this discovery request by letter and orally at various depositions.

Since the filing of this discovery request, there have been repeated court orders compelling the plaintiffs' compliance. On January 26, 1977, this court ordered "plaintiff to produce records to defendants." On February 11, 1977, Magistrate Balog ordered "[p]laintiff to produce all documents on Defendant's outstanding notice to produce including . . . a list of all potential witnesses who have given statements". On March 3, 1977, the magistrate ordered

"that *if the plaintiffs are claiming that any of the statements*, transcriptions, records, notes, memoranda or other documents of interviews with witnesses, as requested in paragraph 5 of the November 10, 1976 request for production, *are privileged from discovery, that the plaintiffs produce all such statements*, transcriptions, records, notes, memoranda or other documents of interviews with witnesses *to this court for an in-camera inspection* for further disposition by this court." (Emphasis added.)

The plaintiffs acknowledge the entry of these orders but maintain that they have complied with them. Their counsel concedes that he never submitted the list of potential witnesses' statements but maintains this was "due to the fact *that no such statements existed.*[1] [Emphasis in original.] That further, the only memoranda or notes available to the Plaintiffs' attorneys were notes of the personal communications

---

1. Counsel for the plaintiffs asserts that, although various witnesses have been contacted, no statements, notes or memoranda relating to these contracts have ever been reduced to writing during the entire 28 month period during which this litigation has been pending.

with the Plaintiffs, which were not the subject of Defendants' paragraph 5 of their Request for Production."

It is apparently agreed by the parties that an attorney from plaintiffs' counsel's office represented to the magistrate on February 11, 1977, that their office did possess certain notes, but asserted that they were privileged and exempt from discovery. Plaintiffs' lead counsel, who was not present on this occasion asserts that his associate had advised the court that these notes were limited to statements made by the plaintiffs. There is no supporting affidavit from Mr. Pellegrini, the associate who made the disputed representation. Defendants' counsel, who was present in court on February 11th, maintains under oath that Pellegrini "stated in open court that the plaintiffs did have memoranda of interviews with witnesses as sought in paragraph 5." It is also evident that Magistrate Balog was neither persuaded that the materials admittedly in plaintiffs' possession were privileged, nor that plaintiffs did not have materials covered by the discovery request. Thus, he entered on that day the order requiring production of a list of potential witnesses who had given statements, and later required an in camera inspection prior to a determination of the existence of any privilege.

In any event, there can be no dispute that the plaintiff never complied with the order to supply a written list of witnesses who have given statements.[2] Their current denial of the existence of any such witnesses is not sufficient to comply with the magistrate orders.[3]

Furthermore, the magistrate expressly stated that *he* reserved the ultimate determination of the validity of any claimed privilege for notes or statements in the possession of the plaintiffs. There is no dispute that plaintiffs did not submit the notes of plaintiffs' statements in their possession for an in camera inspection, as mandated by the March 3rd order. The court therefore finds that it must sustain the magistrate's finding that the plaintiffs have failed to comply with the orders regarding the production of records.[4]

Finally, there appears to be no dispute that the plaintiffs have failed to comply with the order to prepare a first draft of the final pretrial order.

The Federal Rules of Civil Procedure allow the court to enter an order dismissing the action as a sanction where "a party fails to obey an order to provide or permit discovery." F.R.Civ.P. 37(b)(2)(C). Rule 41(b)

---

**2.** The plaintiffs apparently never furnished any written explanation of their position (i. e. that they had never reduced any statement or contact with witnesses to writing) until *after* the magistrate had found that their conduct merited dismissal. Had they made these representations in a timely fashion to the magistrate he would have been able to fashion discovery orders which took these circumstances into consideration. (*E. g.* he might have required the plaintiffs to compile a list of all witnesses who had been previously contacted and to submit a detailed summary of the testimony that each witness would give if called at trial.) By choosing to ignore the discovery requests and the court orders without explanation, the plaintiffs obstructed the ability of the magistrate to perform his functions.

**3.** The statements and conduct of plaintiffs' counsel appear to contradict the argument that counsel had consistently and unambiguously denied possessing any statements, memoranda, or notes of interviews with witnesses.

On January 21, 1977, plaintiffs' counsel responded to a request for this paragraph 5 material by saying, "We will review what statements that we may have on this, and we'll advise you by Tuesday as to any statements, transcriptions, or notes other than attorney's notes that fall within the purview of paragraph No. 5."

As late as March 25, 1977, plaintiffs' counsel was still promising to "comply with paragraphs 5, 10 and 11 in more elaborate style."

Neither statement fits in well with the assertion made in court by plaintiffs' counsel that the consistent practice of his office had been to avoid reducing to writing any information provided by witnesses. Assuming that counsel was aware of this practice of his own office, these statements must be viewed as extremely evasive.

**4.** The possibility that the plaintiffs have by now expended over $24,000 in legal fees and expenditures in this case is, of course, utterly without relevance to the matter of counsel's compliance with the orders of the court.

provides for the dismissal of an action where the plaintiff has failed to comply with "any order of the court." Dismissal is, of course, an extremely harsh sanction. The instant case, however, provides a rare example of a situation in which such a sanction is in fact merited. A review of the extensive docket sheet in this case, a copy of which is attached hereto, underscores the difficulties which this case has already created. The conduct of the plaintiffs has already necessitated the order referring this case to a magistrate. By that order, dated December 22, 1976, Magistrate Balog was given "the power to impose appropriate sanctions upon any party who fails to fully cooperate with the magistrate in the formulation of the pretrial order, or who in any other way fails to comply with the instant order."

A careful consideration of the record in this case, including the briefs of the parties and the exhibits introduced with respect to the instant motion to dismiss, persuades the court that Magistrate Balog was well justified in recommending the dismissal of the instant complaint with prejudice.

The plaintiffs have also sought leave to file their "third amended complaint," as well as a commensurate extension of time for discovery.

Under F.R.Civ.P. 15(a) a party is entitled to only one amended pleading as a matter of course. Subsequent amendments are permitted "only by leave of court or by written consent of the adverse party." The determination of the appropriateness of additional amended pleadings "is within the discretion" of the trial court. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) (dictum), cited in *Zenith*

*Radio Corp. v. Hazeltine Research*, 401 U.S. 321, 330, 91 S.Ct. 795, 28 L.Ed.2d 77 (1971).

The court is aware that the spirit of the rule is tolerant towards such amendments. Rule 15(a) states that "leave shall be freely given when justice so requires." A trial court is obligated to act in this spirit, and may not deny such leave "without any justifying reason." *Foman v. Davis, supra.*

This does not mean, however, that the right to amend is absolute. "The requirement of judicial approval suggests that there are instances where leave should not be granted." *Klee v. Pittsburgh & W. Va. Rwy. Co.*, 22 F.R.D. 252, 255 (W.D.Pa.1958). *Foman v. Davis* states that leave is inappropriate where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." 371 U.S. at 182, 83 S.Ct. at 230. In *Zenith v. Hazeltine Research, supra*, the court stressed that in deciding a Rule 15(a) motion "the trial court was required to take into account any prejudice that Zenith would have suffered as a result." 401 U.S. at 331, 91 S.Ct. at 802.

The proffered "third amended complaint" is in fact the fifth complaint presented by these plaintiffs to the court.[5] This pleading is 93 pages long and consists of 293 paragraphs. The complaint contains sixty-one counts asserted against twenty-five different defendants. These defendants include individuals previously dismissed from the case as well as new parties; in all twenty defendants would be added to those presently in the case.[6]

---

**5.** The original complaint was filed on January 10, 1975. The first complaint was dismissed on March 7, 1975. The first amended complaint was dismissed on May 23, 1975. Plaintiffs were denied leave to file a proffered second amended complaint on October 15, 1975. The instant second amended complaint was filed on November 3, 1975, and plaintiffs were permitted to reinstate the Village of Barrington Hills as a party defendant on March 10, 1976. The

motion for leave to file this complaint was filed on May 3, 1977.

**6.** The plaintiffs would reinstate their claims against various prosecutors, add additional police defendants, as well as the Sheriff of Lake County, and institute claims against a local newspaper, and its managing editor-reporter-photographer.

This proffered complaint is submitted nearly two and a half years following the inception of the case. In determining the appropriateness of granting leave, the court cannot be oblivious of the record of plaintiffs' conduct in this litigation prior to this point. When the repeated pleadings, the repeated scorn for court orders, the repeated requests for extensions of discovery are considered, a finding of prejudice to the current defendants is ineluctable.[7] The difficulties in bringing this action into a posture fit for trial have already necessitated the dismissal of several complaints, and a transfer of this case to the magistrate. The introduction of new parties and new factual controversies at this point will only exacerbate the prior problems. The concomitant request for an extension of discovery is a red flag as to the undue delay that the filing of this complaint would generate.[8]

Accordingly, it is hereby ordered that the instant (second amended) complaint be dismissed with prejudice for the reasons stated above. Furthermore, the request of the plaintiffs to file a fifth complaint in this action is hereby ordered denied.

s/s Bernard M. Decker

United States District Judge

Dated May 13, 1977.

---

7. These defendants are entitled to a prompt resolution of the long standing claims against them. Of course, the additional prejudice to the proposed defendants who have been previously dismissed from this action is self-evident.

8. This court recognized that the undue delaying effect of tardy amended pleading requires a denial of leave to amend in *Forum v. Fidelity & Deposit*, No. 74 C 3747.