**Ayatollah Syed M. J. Iqbal JAFREE, Plaintiff-Appellant,**

v.

**John R. BARBER, Acting Special Agent, Federal Bureau of Investigation, et al., Defendants-Appellees.**

No. 80–1676.

United States Court of Appeals, Seventh Circuit.

Submitted May 4, 1982.[*]

Decided July 12, 1982.[**]

[*] The defendant-appellee has filed a statement asking this court to affirm the order entered below without hearing oral argument. The court notified the plaintiff-appellant that he might file a "Statement as to the Need for Oral Argument." The appellant has filed such a statement and requested oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and the record.

[**] This appeal was originally decided by unreported order on July 12, 1982. *See* Circuit Rule 35. The panel has subsequently decided to issue the decision as an opinion.

Syed M. J. Iqbal Jafree, Chicago, Ill., pro se.

Kevin J. Egan, Asst. U. S. Atty., Dan K. Webb, U. S. Atty., Chicago, Ill., for defendants-appellees.

Before CUMMINGS, Chief Judge, ESCHBACH and POSNER, Circuit Judges.

PER CURIAM.

This is an appeal from the district court's dismissal of the plaintiff's "amended petition" for failure to state a claim upon which relief can be granted. For the reasons stated below, we affirm that judgment.

In his "amended petition" filed on October 1, 1979,[1] the plaintiff made the following allegations: (1) he is by race a "Brown Oriental Semite"; (2) on three occasions he filed formal charges of criminal violations of his civil rights by certain state officers with the Chicago office of the F.B.I.; (3) the agency—and more specifically the named defendant, Barber, the special agent in charge—failed to investigate those

1. The plaintiff filed his original complaint against John Otto, the present defendant's predecessor in office. The district court dismissed that complaint on March 28, 1979.

charges "because of Plaintiff's race"; (4) "unknown persons, from outside the F.B.I.," acted in concert to perpetuate the non-investigation; and (5) the plaintiff suffered emotional and economic injuries as a result of the agency's failure to investigate. The plaintiff requested, *inter alia* : (1) a writ of mandamus compelling the agency to investigate the complaints; and (2) injunctive, declaratory, and monetary relief for violations of his rights under 42 U.S.C. §§ 1981 and 1985.

■ On February 4, 1980, the defendant filed a motion to dismiss the action claiming that it was barred by the doctrine of *res judicata*. On March 21, 1980, the district court entered an order dismissing the plaintiff's "amended petition," but based its dismissal on a finding that the pleading was "replete with conclusory and irrelevant allegations which do not state a claim upon which relief can be granted." [2]

Following a motion to reconsider that order, the court held a further hearing on April 4, 1980.[3] At that time the plaintiff made an oral request for leave to file another amended complaint. The court denied that request on the ground that it had no power to grant the relief requested. Thereafter, the court issued a memorandum order elaborating that point:

It plainly appears that no amendment to the rambling, irrelevant, and conclusory allegations will succeed in stating a case over which this court will have subject matter jurisdiction. Plaintiff is seeking a writ of mandamus to compel defendant . . . to investigate certain alleged criminal violations. . . . This court cannot grant such relief.

Incident to further motions filed by the plaintiff, an additional hearing was held on May 6, 1980. Counsel for the defendant was present. Again the plaintiff requested leave to amend his pleading, but again the court denied the request. The court based its ruling on both the rationale of its order of April 4, 1980 (lack of mandamus power) and the plaintiff's failure to allege sufficient facts to state a cause of action under the Civil Rights Act. (Tr. of 5/6/80 at 5–8.)

Following the hearing, the court entered judgment dismissing the action. The plaintiff appeals from that judgment.[4]

The plaintiff asserts two major arguments on appeal: (1) that the district court erred in dismissing his "amended petition" pursuant to Rule 12(b)(6); and (2) that the district court erred in denying him leave to further amend his pleading.[5] We consider these in turn.

## I

■ An action may be dismissed for failure to state a claim only if it "appears

---

**2.** The court did not respond to the defendant's *res judicata* claim. We therefore assume that the court treated the "amended petition" as an amendment "as a matter of course" to his original complaint under Fed.R.Civ.P. 15(a). *See* note 1, *supra*. As construed by this court, a plaintiff's right to amend as a matter of course is not cut off by a court's dismissal of the original complaint, but only by a responsive pleading. *Peterson Steels v. Seidmon*, 188 F.2d 193 (7th Cir. 1951); *Fuhrer v. Fuhrer*, 292 F.2d 140 (7th Cir. 1961); *Austin v. Bd. of Ed. of Georgetown*, 562 F.2d 446 (7th Cir. 1977). Because there was no responsive pleading in this case, *see LaBatt v. Twomey*, 513 F.2d 641, 651 (7th Cir. 1975) (a motion to dismiss does not constitute a responsive pleading), the court's approach was proper.

**3.** The defendant was neither present nor represented at the hearing.

**4.** The plaintiff currently has three motions for leave to cite additional authority pending before this court (November 24, 1981; December 1, 1981; December 31, 1981). We grant these motions and have considered the materials submitted in our disposition.

**5.** The plaintiff also claims that the district court erred: (1) in transferring this action to Judge Leighton; (2) in denying his motion for leave to appeal *in forma pauperis* ; and (3) in not allowing any discovery. These claims are meritless. (1) The reassignment was proper under Rule 2.21 D of the Rules of the United States District Court for the Northern District of Illinois. (2) In light of the plaintiff's minimal showing (Tr. of 5/6/80 at 5–8), the court did not abuse its discretion in denying his oral motion to appeal *in forma pauperis*. *See Lucien v. Roegner*, 682 F.2d 625 (7th Cir. 1982) (frivolity standard applies to grants of pauper status for appeal). (3) The question of discovery is not relevant to this case, dismissed for failure to state a claim.

beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). In reviewing the district court's disposition in this case, we must evaluate each of the plaintiff's claims against this standard.

### A

■ Concerning that portion of the "amended petition" that sought a writ of mandamus to compel an F.B.I. special agent to investigate alleged criminal violations, we agree that dismissal was proper. As we explained in *City of Milwaukee v. Saxbe,* 546 F.2d 693, 701 (7th Cir. 1976), "[T]here is no jurisdictional grant under the mandamus statute to consider a mandamus remedy ... that would order performance of discretionary, as opposed to ministerial, acts by federal officials." Initiation of a criminal investigation by the F.B.I. is clearly a discretionary act. *Moses v. Kennedy,* 219 F.Supp. 762 (D.D.C.1963), *aff'd sub nom. Moses v. Katzenbach,* 342 F.2d 931 (D.C.Cir. 1965); *cf. City of Milwaukee v. Saxbe, supra; Inmates of Attica Correctional Facility v. Rockefeller,* 477 F.2d 375 (2d Cir. 1973). Thus the district court lacked power to grant the relief sought. Absent that legal predicate, the plaintiff could "prove no set of facts in support of his claim."

### B

We next consider the plaintiff's claim that the defendant violated certain civil rights statutes by refusing to investigate his charges because of racial animus. Although that claim also involves a "discretionary act" by a federal official, it requires a different analysis.

■ A claim that a federal official, acting under color of federal law, *intentionally* refused to perform an act, even a discretionary one, solely on the basis of a complainant's race states a cause of action under 42 U.S.C. § 1981. *City of Milwaukee v. Saxbe, supra; United States v. Falk,* 479 F.2d 616 (7th Cir. 1973) (en banc); *Littleton v. Berbling,* 468 F.2d 389 (7th Cir. 1972),

*vacated on other grounds sub nom. Spomer v. Littleton,* 414 U.S. 514, 94 S.Ct. 685, 38 L.Ed.2d 694 (1974); *see Washington v. Davis,* 426 U.S. 229, 96 S.Ct. 2040, 48 L.Ed.2d 597 (1976); *cf. Egger v. Phillips,* 669 F.2d 497 (7th Cir. 1982) (even though an F.B.I. agent has neither a liberty nor a property right to continued assignment, his transfer and dismissal, if carried out in retaliation for the exercise of his first amendment rights, would violate the Constitution). Moreover, the allegation of a conspiracy (and an act by one of the conspirators) to further such purposeful discrimination states a cause of action under 42 U.S.C. § 1985(3). *Gillespie v. Civiletti,* 629 F.2d 637 (9th Cir. 1980); *see Griffin v. Breckenridge,* 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971). Thus we do not read the district court's dismissal of this claim to be based on its lack of power to grant relief, but rather on the fact that the plaintiff's allegations were "conclusory."

■ On the basis of the plaintiff's "amended petition," we agree with that disposition. "[S]ome particularized facts demonstrating a constitutional deprivation are needed to sustain a cause of action under the Civil Rights Act." *Cohen v. Illinois Institute of Technology,* 581 F.2d 658, 663 (7th Cir. 1978), *cert. denied,* 439 U.S. 1135, 99 S.Ct. 1058, 59 L.Ed.2d 97 (1979). *See French v. Corrigan,* 432 F.2d 1211 (7th Cir. 1970), *cert. denied,* 401 U.S. 915, 91 S.Ct. 890, 27 L.Ed.2d 814 (1971); *United Black Firefighters of Norfolk v. Hirst,* 604 F.2d 844 (4th Cir. 1979); *Place v. Shepherd,* 446 F.2d 1239 (6th Cir. 1971).

In terms of discrimination, the plaintiff's "amended petition" alleges only that the plaintiff's charges "have not yet been investigated by the Defendant because of Plaintiff's race." That assertion is conclusory. The only facts underlying that claim are: (1) that the plaintiff is "Brown," and (2) that his charges have not been investigated. To sufficiently state a cause of action the plaintiff must allege some facts that demonstrate that his race was the *reason* for the defendant's inaction. His failure to allege such facts rendered his discrimination claim under § 1981 or § 1985 incomplete.

In addition, as to his § 1985 claim, the plaintiff made only the bald assertion that there was a conspiracy of "unknown persons" acting against him. This type of allegation also must be supported by material facts, not conclusory statements. *Slotnick v. Garfinkle*, 632 F.2d 163, 165 (1st Cir. 1980); *see Tarkowski v. Robert Bartlett Realty Co.*, 644 F.2d 1204, 1208 (7th Cir. 1980).

Based on these reasons, we agree that the plaintiff's "amended petition" was deficient. This conclusion leads us to the second question presented for review: whether the plaintiff should have been afforded an opportunity to correct the deficiencies by filing a further amended pleading.

## II

Fed.R.Civ.P. 15(a) provides that a "party may amend his pleading once as a matter of course." Subsequent amendments are permitted "only by leave of court or by written consent of the adverse party." "The determination of the appropriateness of additional amended pleadings 'is within the discretion' of the trial court. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962) (dictum), cited in *Zenith Radio Corp. v. Hazeltine Research*, 401 U.S. 321, 330, 91 S.Ct. 795, 802, 28 L.Ed.2d 77 (1971)." *Mertens v. Hummell*, 587 F.2d 862, 865 (7th Cir. 1978).

Although in making that determination a trial court must respect the underlying spirit of the rule, which is tolerant toward amendments,[6] the right to amend is not absolute. As the Supreme Court explained in *Foman v. Davis, supra*, leave is inappropriate when there is "an apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."—for denying it. *Id.* at 182, 83 S.Ct. at 230. Because in this case the plaintiff had previously amended his complaint as a matter of course, *see* notes 1, 2, *supra*, leave of court was required for further amendment. Thus we must measure the court's refusal to grant such leave against the standards noted above.

As to the plaintiff's claim seeking a mandamus remedy, the court's refusal was not an abuse of discretion. The claim was legally deficient. No amendment, no matter how phrased, could have circumvented the district court's lack of power to grant such relief.

Similarly, the district court did not abuse its discretion in denying the plaintiff leave to amend his discrimination claim. A district court "may deny leave to amend where the proposed amendment fails to allege facts which would support a valid theory of liability." *Verhein v. South Bend Lathe*, 598 F.2d 1061, 1063 (7th Cir. 1979); *Cohen v. Illinois Institute of Technology, supra*. The plaintiff in his first amended complaint completely failed to suggest a factual predicate to support the crux of these claims, *i.e.*, that the defendant's actions were prompted by racial animus. At the time of his request for leave to file a second amended complaint, the plaintiff did not explain how he would cure the defective allegations. *See Shashoua v. Quern*, 612 F.2d 282, 285 (7th Cir. 1979).[7] When specifically questioned by the district court regarding the facts underlying his discrimination claim, the plaintiff responded only: "There has never been this kind of misconduct with a white man where he was ignored by the F.B.I. for this long." (Tr. of 5/6/80 at 6.) That too was but an unsupported conclusion. Because the plaintiff completely failed to allege requisite facts, we agree that the district court's response

---

6. Rule 15(a) states that "leave shall be freely given when justice so requires."

7. We also note that the plaintiff's motion for leave to amend was made orally and was not accompanied by a proposed amendment. *See*

3 Moore's Federal Practice ¶ 15.12 (2 ed. 1982) ("A motion to amend should be made as prescribed in Rule 7(b).... The proposed amendment or new pleading should be submitted with the motion.").

to his motion for leave to amend was proper.

Accordingly, we affirm the judgment of the district court. Further, because of the appellant's failure to offer a legitimate basis for his claims, we again feel compelled to note the long history of his vexatious litigation in this court.

Jafree has been personally involved in at least twenty-six appeals (and six mandamus actions) in the past eight years. Over half of the appeals have been dismissed: for lack of jurisdiction, failure to pay docketing fees, or failure to prosecute. Another third of the appeals have been disposed of on findings that Jafree did not present adequate substantive claims. Many of the cases have involved the same defendants and have been based on the same facts.

In response to these actions, we have: (1) explicitly warned Jafree that frivolous appeals will elicit disciplinary measures by this court, *Rahman v. Dixon,* 622 F.2d 592 (7th Cir. 1980); (2) awarded both attorney's fees and costs to appellees forced to respond to his meritless claims, *Jafree v. Northwestern University School of Law and William J. Scott,* 590 F.2d 338 (7th Cir. 1979) (attorney's fees under 42 U.S.C. § 1988), *Jafree v. Scott,* 624 F.2d 1105 (7th Cir. 1980) ($500 damages and double costs), *Jafree v. James Beam Distilling Co.,* 681 F.2d 819 (7th Cir. 1982) ($150 attorney's fees); and (3) submitted the history of Jafree's litigation in this court to the Illinois Attorney Registration and Disciplinary Commission, *Jafree v. Scott, supra.*

As evidenced by the apparent frivolousness of the present appeal, however, Jafree has not taken heed from our actions. So again in this case we invite the defendant to file a motion for damages and costs pursuant to Fed.R.App.P. 38. Further, we caution the appellant that if he persists in litigating frivolous claims, more severe sanctions may become necessary. *See, e.g., Pavilonis v. King,* 626 F.2d 1075 (1st Cir.), *cert. denied,* 449 U.S. 829, 101 S.Ct. 96, 66 L.Ed.2d 34 (1980); *Harrelson v. United*

*States,* 613 F.2d 114 (5th Cir. 1980); *Green v. White,* 616 F.2d 1054 (8th Cir. 1980).