**Donna BIGGUS, et al., Plaintiffs,**

v.

**SOUTHMARK MANAGEMENT CORP.,
et al., Defendants.**

**No. 83 C 4024.**

United States District Court,
N.D. Illinois.

April 11, 1984.

Stephen Seliger, Chicago, Ill., for plaintiffs.

William Von Hoene, Jr., Robert Keck, Jr., Jenner & Block, Chicago, Ill., for defendant Westmore Associates.

**MEMORANDUM OPINION**

PRENTICE H. MARSHALL, District Judge.

This is an action under the Fair Housing Act, 42 U.S.C. § 3612 (1982), and two civil rights statutes, *id.* §§ 1981, 1982, alleging racial discrimination in the rental of apartments at a two hundred unit complex called Westmore Apartments in Lombard, Illinois. Plaintiffs are black persons who sought apartments at the Westmore Apartments in April, May, and June 1983. They were told that none was available; that is alleged to have been untrue.[1] Plaintiffs seek damages and injunctive relief.

Among the defendants are Southmark Management Corp. ("Southmark"), which was responsible for rentals at the Westmore Apartments at the time in question, and Renay Baron and Mary Theodore, two Southmark employees. At the time of the conduct alleged in the complaint, defendant North American Mortgage Investors ("North American") owned the Westmore Apartments. "Westmore Apartments" is named as a defendant but is not identified in the second amended complaint as being a legal entity. The last defendant is Westmore Associates. The complaint alleges that Westmore Associates purchased the Westmore Apartments from North American shortly after the conduct alleged in the complaint.

Westmore Associates has moved to dismiss the second amended complaint under Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief may be granted. With respect to Westmore Associates, the only allegations in the complaint are that shortly after the alleged wrongful conduct, North American "sold Westmore Apartments to Westmore Associates, an Illinois limited partnership, which continued the discriminatory policies of the prior owner and manager .... Defendant [Mary]

---

**1.** Another plaintiff is Hope Fair Housing Center, an organization that seeks to promote racial and economic integration in housing. It alleges that

it has attempted without success to place black persons in the Westmore Apartments.

Theodore continues as an agent of defendant, Westmore Associates." Second Amended Complaint ¶ 9. Westmore Associates argues that this allegation is not sufficiently detailed.

We must begin our consideration of defendant's motion with Fed.R.Civ.P. 8(a), which requires only that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The Federal Rules of Civil Procedure do not require "fact pleading," as shown by the form complaints appended to the rules. *See, e.g.,* Fed.R.Civ.P. forms 9 (complaint for negligence), 11 (complaint for conversion).[2]

In *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957), the Supreme Court addressed an argument similar to that made by defendant here. The complaint in *Conley* alleged that plaintiffs, all black persons, were employees of a railroad working in Texas. Defendant labor union was the designated bargaining agent for the unit to which plaintiffs belonged. The union's contract with the railroad protected employees in certain respects from discharge and loss of seniority. In May 1954 the railroad purported to abolish 45 jobs held by blacks and discharged or demoted plaintiffs. Actually the jobs were not abolished but were filled by whites. Despite repeated requests by plaintiffs, the union, "acting according to plan," did nothing to protect plaintiffs and refused to give them protection comparable to that given white employees. The complaint alleged that the union had violated the Railway Labor Act in that it had failed in general to represent blacks equally and in good faith.

The defendants in *Conley* argued "that the complaint failed to set forth specific facts to support its general allegations of discrimination and that its dismissal [was] therefore proper." 355 U.S. at 47, 78 S.Ct. at 102. The Court resoundingly rejected this argument:

> The decisive answer to this is that the Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is "a short and plain statement of the claim" that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. The illustrative forms appended to the Rules plainly demonstrate this. Such simplified "notice pleading" is made possible by the liberal opportunity for discovery and the other pretrial procedures established by the Rules to disclose more precisely the basis of both claim and defense and to define more narrowly the disputed facts and issues. Following the simple guide of Rule 8(f) that "all pleadings shall be so construed as to do substantial justice," we have no doubt that petitioners' complaint adequately set forth a claim and gave the respondents fair notice of its basis.

*Id.* at 47–48, 78 S.Ct. at 102–03 (footnotes omitted).

Similarly in this case, we have no doubt that the complaint gave defendant fair notice of its basis. The complaint describes the policies and practices of Westmore Associates' predecessors and states that Westmore Associates has continued those policies. That provides defendant with a sufficient basis for determining what it is alleged to have done. If defendant did nothing to continue its predecessors' policies and practices, it may be entitled to summary judgment under Fed.R.Civ.P. 56(b), but that is not a basis for dismissing the complaint under Fed.R.Civ.P. 12(b)(6).

The three Seventh Circuit cases upon which defendant relies do not dictate dismissal here. In *Tamari v. Bache & Co.,* 565 F.2d 1194, 1199 (7th Cir.1977), the court stated that on a motion to dismiss, "well pleaded allegations of the complaint are to be taken as admitted, but mere unsupported conclusions of fact or mixed fact and law are not admitted." *Tamari* itself did not involve a pleading question; in any event, it must be read in light of *Conley v.*

---

**2.** Rule 84 states that the forms "are sufficient under the rules and are intended to indicate the simplicity and brevity of statement which the rules contemplate." Fed.R.Civ.P. 84.

*Gibson*, which states that the test is whether plaintiff's allegations, if proved, would entitle plaintiff to relief. That is plainly true here.

In *Cohen v. Illinois Institute of Technology*, 581 F.2d 658 (7th Cir.1978), *cert. denied*, 439 U.S. 1135, 99 S.Ct. 1058, 59 L.Ed.2d 97 (1979), the district court originally dismissed plaintiff's complaint under 42 U.S.C. § 1983 for failure to allege the requisite state action. All that was alleged was that the state had offered some financial support to defendant college. The court of appeals affirmed the first dismissal because the level of financial support itself was not sufficient to make defendant's actions "state action," and because there was no factual allegation that the state had in any way approved the conduct alleged. Plaintiff then sought leave to amend to allege that the financial aid "significantly supports and contributes to the effectiveness of the Defendants' conduct." The district court denied leave to amend, stating that financial aid alone did not make the college's actions state action. Funding alone, moreover, did not connote approval for defendant's discriminatory conduct. The court of appeals affirmed because there was no allegation of affirmative governmental support or approval of defendant's conduct other than the financial support, which alone did not show approval, and because plaintiff had added nothing to the allegation of the amount of financial support to support a claim that support alone made defendant a state actor. 581 F.2d at 662–63. *Cohen* essentially presented an issue of the legal sufficiency of the facts actually pleaded, not of the sufficiency of the factual detail in the complaint.

Finally, defendant relies on *Jafree v. Barber*, 689 F.2d 640 (7th Cir.1982) (per curiam). In *Jafree* plaintiff alleged that he was a "brown oriental semite," that he filed with the Chicago office of the FBI charges of criminal violations of his civil rights by state officers, and that the FBI failed to investigate those charges "because of plaintiff's race." *Id.* at 641–42. The district court dismissed the complaint because plaintiff's allegations were "conclusory." *Id.* at 643. The court of appeals affirmed, stating that "[t]o sufficiently state a cause of action the plaintiff must allege some facts that demonstrate that his race was the *reason* for the defendant's inaction," *id.* (emphasis in original), and that plaintiff's failure to do so rendered his complaint insufficient.

We have serious doubt as to whether *Jafree* accords with *Conley v. Gibson*, as we are hard pressed to see how a plaintiff can allege that a defendant treated him differently due to his race other than by simply stating that proposition.[3] In any event, this case is not *Jafree*. Here the issue as presented by defendant relates not to defendant's motivation but to what it did. The complaint, as we have stated, alleges that defendant continued the policies of its predecessors. That is sufficient to inform defendant, as *Conley v. Gibson* requires, of the basis of the claim against it.

In light of the above, we need not consider plaintiffs' other arguments against dismissal. Defendant's motion to dismiss is denied. This cause is set for status April 30, 1984 at 9:30 a.m. for the purpose of setting a discovery and trial schedule.

---

3. Recently, in *Sutliff, Inc. v. Donovan Companies, Inc.*, 727 F.2d 648 (7th Cir.1984) a panel of the Seventh Circuit stated that *Conley v. Gibson* which was decided in 1954 "has never been taken literally." *Id.* at 654. The court goes on to refer to a 1953 decision from the District of Hawaii that Wright and Miller "treat as authoritative" and that imposes stricter pleading requirements. We respectfully question whether this represents proper legal analysis. In any event, the holding in *Sutliff* does not control here, since the court there, as in *Cohen*, examined whether the factual allegations were legally sufficient, not whether the complaint contained adequate detail to inform defendant of what it was alleged to have done.