NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 26, 2013[*]
Decided August 1, 2013

**Before**

RICHARD A. POSNER, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 12-3199

DANA B. ALFREDS,
　　*Plaintiff-Appellant*,

　　　　*v.*

SOCIAL SECURITY
ADMINISTRATION, et al.,
　　*Defendants-Appellees*.

Appeal from the United States District
Court for the Southern District of
Indiana, Indianapolis Division.

No. 1:11-cv-1274-JMS-MJD

Jane E. Magnus-Stinson,
*Judge*.

**O R D E R**

　　Dana Alfreds appeals the dismissal, for failure to state a claim, of her complaint against the Social Security Administration and its employees. *See* FED. R. CIV. P. 12(b)(6). She asks for a writ of mandamus to compel the agency to investigate members of her family, an acquaintance of her husband, and her former orthodontist for causing her to

---

[*] No defendant was served with process in the district court, and none has participated in this appeal. After examining Alfreds' brief and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on her brief and the record. *See* FED. R. APP. P. 34(a)(2)(C).

become disabled. Mandamus relief, however, is unavailable to compel an agency investigation unless the investigation is one of the agency's nondiscretionary duties, *Deloria v. Veterans Admin.*, 927 F.2d 1009, 1013–14 (7th Cir. 1991); *Jafree v. Barber*, 689 F.2d 640, 643 (7th Cir. 1982), and Alfreds has identified no investigative duty of the SSA. Nor can the litany of additional injuries she alleges be attributed to the SSA or any of its employees. The district court correctly concluded that Alfreds has not stated a claim for relief.

AFFIRMED.