**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**September 18, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

_____

LARRY WHITE,

    Plaintiff - Appellant,

v.

FEDERAL BUREAU OF
INVESTIGATION; (FNU) (LNU), Federal
Agent of FBI; STATE OF KANSAS,

    Defendants - Appellees.

No. 24-3177
(D.C. No. 5:24-CV-03179-JWL)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **HARTZ**, **BALDOCK**, and **PHILLIPS**, Circuit Judges.

_____

Larry White is a pro se inmate who seeks a writ of mandamus directing the

FBI to investigate his allegations of criminal activity. He says that in 2014, his wife

visited him in prison and told him his children had been kidnapped, her relative

assumed her identity, she convinced the children she was their mother, and she

mutilated herself to mimic his wife's scars. The woman also said the children were

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

being drugged and molested, but this conversation slipped White's mind until 2023, when the same woman identified herself as his wife's niece and confessed to murdering his wife over an inheritance. White also learned a child claiming to be his son had died of a gunshot wound. Although he reported these allegations to the FBI, it refused to acknowledge them, so he filed a complaint under 42 U.S.C. § 1983, invoking the Fourteenth Amendment. He also sought a writ of mandamus directing the FBI to investigate his allegations.

The district court dismissed the case for failure to state a claim under 28 U.S.C. § 1915A(b)(1). The court reasoned that mandamus is not available to direct a federal official to perform a discretionary act, including an FBI officer's decision to investigate. *Jafree v. Barber*, 689 F.2d 640, 643 (7th Cir. 1982). White moved for reconsideration, which the district court construed as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). The district court denied the motion, noting White's allegations appeared to be frivolous and he failed to identify any basis for relief.

White appealed and now seeks leave to proceed without prepayment of costs and fees (*in forma pauperis* or "IFP"). Exercising jurisdiction under 28 U.S.C. § 1291, we dismiss the appeal as frivolous, deny IFP, and impose a strike under 28 U.S.C. § 1915(g).

We liberally construe White's pro se materials. *Braxton v. Zavaras*, 614 F.3d 1156, 1159 (10th Cir. 2010). To obtain IFP status, he must demonstrate both "a financial inability to pay the required filing fees and the existence of a reasoned,

2

nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991).

We deny IFP because White fails to advance a nonfrivolous argument. He mostly reiterates his factual allegations. *See, e.g.*, Aplt. Br. at 2-3, 7-8, 11-13. He also raises unpreserved issues, *id.* at 7 (citing Administrative Procedure Act); *id.* at 9 (asserting state-law claims), which we will not consider, *see Childers v. Crow*, 1 F.4th 792, 798 (10th Cir. 2021). Although he cites various statutes and regulations, *see, e.g.*, Aplt. Br. at 3 (citing 34 U.S.C. § 21114 (establishing duties of state and local task forces investigating internet crimes against children)); *id.* at 4 (citing 18 U.S.C. § 3332 (prescribing powers and duties of grand juries)); *id.* (citing 28 C.F.R. § 0.85 (establishing general functions of the FBI Director)), these provisions do not address the district court's rationale for dismissing his case—*viz.*, that mandamus does not lie for directing the FBI's discretionary decision to investigate. Failing to address the district court's reason for dismissal defeats his appeal. *See Nixon v. City & Cnty. of Denver*, 784 F.3d 1364, 1366 (10th Cir. 2015) ("The first task of an appellant is to explain to us why the district court's decision was wrong."); *id.* at 1369 (affirming dismissal of claim because appellant's opening brief failed to address the basis for dismissal).

White also faults the district court for noting in its denial of reconsideration that his allegations appear to be frivolous. But "fanciful factual allegation[s]" are frivolous. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). And White does not explain how challenging this observation shows the dismissal was wrong.

3

Last, White writes that "an attorney should be appointed." Aplt. Br. at 6 (capitalization omitted). But he does not develop any argument or address the factors courts consider in weighing whether to appoint counsel in civil cases. *See Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (weighing the merits of the claims, the nature of the allegations, the litigant's ability to present his claims, and the complexity of the issues). Because White fails to develop any argument, we decline to consider this issue further. *See Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) ("[W]e routinely have declined to consider arguments that are not raised, or are inadequately presented, in an appellant's opening brief.").

Accordingly, we deny IFP and dismiss this appeal as frivolous. The district court's dismissal for failure to state a claim under § 1915A counts as one strike for purposes § 1915(g). *See Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1175 (10th Cir. 2011), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532 (2015). Our dismissal as frivolous counts as a second strike. *See id.* at 1179. White remains obligated to pay the full appellate filing fee. *See Kinnell v. Graves*, 265 F.3d 1125, 1129 (10th Cir. 2001). White's "Request to Enforce Emergency Review of Appeal" and "Motion for Judgment in Favor of Larry White" are denied as moot.

Entered for the Court

Gregory A. Phillips
Circuit Judge

4