ALD-047                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-3207
_____

IN RE: TRAVIS GOWER,
                                                    Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to M.D. Pa. Civ. No. 4:25-cv-02090)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
December 11, 2025
Before:  SHWARTZ, FREEMAN, and CHUNG, *Circuit Judges*

(Opinion filed: December 23, 2025)
_____

OPINION[*]
_____

**PER CURIAM**

Travis Gower has filed a pro se petition for a writ of mandamus asking us to

intervene in his civil action filed in the District Court.  We will deny the petition.

On November 5, 2025, Gower filed a civil complaint in the United States District

Court for the Middle District of Pennsylvania against Applebee's Neighborhood Grill &

Bar, its employees, the Bloomsburg Police Department, the Colombia County District

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Attorney's Office, and the Montgomery County Assistant District Attorney, wherein he alleged that he was arrested at Applebee's in Bloomsburg, Pennsylvania without probable cause and in violation of his constitutional rights. On November 12, 2025, Gower filed the instant petition for a writ of mandamus, requesting that we: (1) command the "lower courts" to cease illegal acts; (2) issue a cease-and-desist order against Court of Common Pleas Judge Daniel J. Clifford; (3) stay his upcoming preliminary hearing in the Court of Common Pleas; (4) consolidate this case with the appeal docketed at C.A. No. 25-2631; (5) recuse Judge Clifford and "bias panels" (sic); (6) certify Gower as a RICO investigator; (7) refer the matter to the Department of Justice and Federal Bureau of Investigation for conspiracy and other crimes; (8) appoint counsel and/or a guardian ad litem for his son; (9) schedule an immediate in-person hearing; and (10) issue a ruling immediately. Meanwhile in the District Court, the matter was referred to Chief Magistrate Judge Daryl F. Bloom for a Report and Recommendation, which he issued on November 19, 2025, granting Gower's application to proceed in forma pauperis, screening his complaint, and recommending the complaint be dismissed without prejudice pursuant to *Younger v. Harris*, 401 U.S. 37 (1971).

A writ of mandamus is a drastic remedy that is available only in extraordinary cases. *See In re Diet Drugs Prods. Liab. Litig.*, 418 F.3d 372, 378-79 (3d Cir. 2005). To obtain relief, a petitioner must show that he has no other adequate means to obtain relief, that he has a clear and indisputable right to the writ, and that the writ is appropriate under the circumstances. *See Hollingsworth v. Perry*, 558 U.S. 183, 190 (2010) (per curiam). Gower has not made that showing here.

2

To the extent Gower asks us to intervene in his state court cases, we lack the mandamus authority to issue orders directing Judge Clifford to recuse himself or to cease any further action.[1] *See In re Grand Jury Procs.*, 654 F.2d 268, 278 (3d Cir. 1981); *In re Wolenski*, 324 F.2d 309, 309 (3d Cir. 1963) (per curiam). To the extent Gower seeks other relief, including a referral of this matter to federal agencies for criminal investigation, Gower's unsupported allegations do not support mandamus relief, and there is no clear and indisputable right to require the Government to initiate criminal proceedings. *See, e.g.*, *Jafree v. Barber*, 689 F.2d 640, 643 (7th Cir. 1982) (per curiam) (affirming dismissal of a complaint styled as a mandamus petition seeking an order directing the FBI to investigate crimes because "[i]nitiation of criminal investigation by the F.B.I. is clearly a discretionary act"); *cf. Inmates of Attica Corr. Facility v. Rockefeller*, 477 F.2d 375, 379, 383 (2d Cir. 1973) (affirming dismissal of a complaint in mandamus to compel the United States Attorney to investigate, arrest, and prosecute state officials for committing federal offenses). For similar reasons, Gower has not made the necessary showing to warrant mandamus relief for his requested certification as a RICO investigator. To the extent Gower seeks counsel in the District Court or state court, he can file motions there. To the extent he seeks other relief from us, it is denied.

Accordingly, we will deny the mandamus petition.

---

[1] Judge Clifford is a named defendant in a separate case, Civ. No. 2:25-cv-02262.