Oscar L. WALLACE, Plaintiff,

v.

INTERNATIONAL ORGANIZATION OF MASTERS, MATES AND PILOTS, Ex. President Capt. Robert J. Lowen, Defendants.

No. 80 Civil 4699.

United States District Court,
S. D. New York.

Sept. 17, 1982.

M. Vinson Hayes, New York City, for plaintiff.

Burton M. Epstein, New York City, for defendants.

## OPINION

EDWARD WEINFELD, District Judge.

This is a motion to dismiss a second amended complaint pursuant to Rule 12(b) of the Federal Rules of Civil Procedure on the grounds of lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.

Plaintiff is a licensed deck officer who at times has been employed as a supervisor aboard United States flagships. In April 1976, he applied for membership in the defendant union. Under its constitution, an application is subject to review by a membership committee and if it recommends admission and the recommendation is accepted by the union's general executive board, membership is granted. Pending consideration of his application plaintiff paid, as required under the union constitution, the initiation fees, dues and assessments. On December 13, 1978, the membership committee recommended that the plaintiff's application be denied. The general executive board accepted the recommendation and plaintiff was notified of the adverse ruling. The union, in accordance with its constitution, returned plaintiff's initiation fee but not the dues or assessments that he had paid.[1] During the pendency of his application he served upon various United States flag merchant vessels.

The second amended complaint alleges eight separate causes of action under various federal labor and civil rights laws, as well as the United States and New York State Constitutions. Jurisdiction is invoked under 28 U.S.C., sections 1331 and 1343, and 29 U.S.C., section 412.

■ The essence of plaintiff's first four claims is that he was wrongfully denied admission to the union and that his applicant status was wrongfully terminated. Plaintiff, in discursive allegations in the four separate causes of action, alleges that he was fully qualified for admission to membership; that he had a "vested right" thereto; that the denial of admission was arbitrary and capricious and that the denial violated his right to due process of law and the equal protection of the laws.

The union's constitution provides that prior to acceptance an applicant shall have no rights within the organization except to employment in accordance with the applicable bargaining agreements and the constitution.[2] There is no absolute right of admission to the union. Unions have the right to prescribe their own rules for admission into membership provided they are not inconsistent with the Labor-Management Reporting and Disclosure Act ("LMRDA").[3] Moreover," [w]rongful denial of union membership does not come within the ambit of either § 301 of the [Labor Management Relations Act] or § 102 of the LMRDA."[4]

---

1. Constitution, Section 8(e).

2. Section 8 in pertinent part provides:
   (b) Prior to his acceptance as a member by the membership of the Organization an Applicant shall have no rights within the Organization except the following:
   (1) Employment in accordance with the applicable Bargaining Agreements and this Constitution.

3. 29 U.S.C. § 411(b).

4. *Abrams v. Carrier Corp.*, 434 F.2d 1234, 1254 (2d Cir. 1970), *cert. denied*, 401 U.S. 1009, 91 S.Ct. 1253, 28 L.Ed.2d 545 (1971); *Moynahan v. Pari-Mutuel Employees Guild*, 317 F.2d 209, 210 (9th Cir.), *cert. denied*, 375 U.S. 911, 84 S.Ct. 207, 11 L.Ed.2d 150 (1963). *See also Gavin v. Structural Ironworkers, Local No. 1*, 553 F.2d 28, 30 (7th Cir. 1977).

The only exception to this general rule is where an individual has fulfilled all the requirements of union membership so that he is in substance a member, "despite the fact that the officials of the particular labor organization have not performed the ministerial acts precedent to formal admission and recognition." *Hughes v. Local No. 11*, 287 F.2d 810, 815 (3d Cir.), *cert. denied*, 368 U.S. 829, 82 S.Ct. 51, 7 L.Ed.2d 32 (1961). *See also Basilicato v. International Alliance of Theatrical Stage Employees*, 479 F.Supp. 1232, 1242 (D.Conn.1979), *aff'd without opinion*, 628 F.2d 1344 (2d Cir. 1980). Here, more than ministerial acts remained before plaintiff would be formally admitted to the union. *See Gavin v. Structural Ironworkers, Local No. 1*, 553 F.2d 28, 31 (7th Cir. 1977); *Philipchuk v. International Assoc. of Bridge, Structural & Ornamental Iron Workers*, 87 LRRM 3169, 3173 (D.N.J.1972), *aff'd*

Here the union expressly reserved the right to refuse membership. Absent membership, plaintiff's asserted claims are not cognizable. The application for membership, which is subject to approval as prescribed by the union's constitution, does not constitute membership or result in any vested right.[5]

Plaintiff makes a further claim that the union refused to afford him an opportunity to be heard in support of his application and thus deprived him of due process of law in violation of the Fourteenth Amendment to the United States Constitution and Article 1, section 6, of the New York State constitution. However, as an applicant plaintiff had neither a property nor a liberty interest that gave rise to a constitutional right to a due process hearing.[6] Plaintiff's failure to allege requisite state action also requires dismissal of these claims.[7] Since plaintiff at no time was accepted for membership in the union, he is not entitled to relief under the first four claims, each of which is predicated upon membership, or a claimed right to membership, in the union.

Plaintiff's fifth cause of action alleges that the defendant refused to refer plaintiff to job assignments in the same manner as other applicants and charges that on one occasion he was denied an available job on a vessel because a union official called the master of the vessel and instructed him not to employ the plaintiff. Although plaintiff was not accepted into the union as a member, the defendant owed him the duty of fair representation.[8] A breach of this duty occurs "when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith."[9] Plaintiff's allegations under the fifth cause of action, liberally construed, charges such conduct by the defendant union and accordingly is sufficient to withstand the defendant's motion for dismissal.[10]

Plaintiff's sixth cause of action alleges that because he instituted a lawsuit against Sea-Land Services, Inc. ("Sea-Land"), a shipowner, the defendant union terminated plaintiff's status as an applicant and denied him membership and thereby violated his rights under 29 U.S.C., section 411(a)(4), which prohibits labor organizations from limiting the "right of any member . . . to institute an action in any court." However, plaintiff was never a "member" of the union and thus he cannot avail himself of this provision.

Plaintiff's seventh cause of action purports to assert a claim under 42 U.S.C., section 1985.[11] He alleges that Sea-Land

*without opinion,* 475 F.2d 1396 (3d Cir. 1973). Plaintiff contends that although more than ministerial acts remained, those acts were not meaningful because "no one is ever rejected by the committees" so long as his dues have been paid. However, the clearly expressed congressional purpose to afford unions' wide discretion in their choice of membership requires rejection of his claim.

5. Cf. *Moynahan v. Pari-Mutuel Employees Guild,* 317 F.2d 209 (9th Cir.), *cert. denied,* 375 U.S. 911, 84 S.Ct. 207, 11 L.Ed.2d 150 (1963).

6. Cf. *Board of Regents v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972); *Perry v. Sindermann,* 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972).

7. *Flagg Bros. v. Brooks,* 436 U.S. 149, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978); *Sharrock v. Dell Buick-Cadillac, Inc.,* 45 N.Y.2d 152, 408 N.Y. S.2d 39, 379 N.E.2d 1169 (1978). *See Moynahan v. Pari-Mutuel Employees Guild,* 317 F.2d 209, 211 (9th Cir.), *cert. denied,* 375 U.S. 911, 84 S.Ct. 207, 11 L.Ed.2d 150 (1963); *Courant v.*

*International Photographers of Motion Picture Industry, Local 659,* 176 F.2d 1000, 1003 (9th Cir. 1949), *cert. denied,* 338 U.S. 943, 70 S.Ct. 429, 94 L.Ed. 581 (1950).

8. *Vaca v. Sipes,* 386 U.S. 171, 177, 87 S.Ct. 903, 909, 17 L.Ed.2d 842 (1967); *Steele v. Louisville & Nashville R. R.,* 323 U.S. 192, 203, 65 S.Ct. 226, 232, 89 L.Ed. 173 (1944). Cf. *Brotherhood of R. R. Trainmen v. Howard,* 343 U.S. 768, 773–74, 72 S.Ct. 1022, 1025, 96 L.Ed. 1283 (1952). *See also* note 2 *supra.*

9. *Vaca v. Sipes,* 386 U.S. 171, 190, 87 S.Ct. 903, 916, 17 L.Ed.2d 842 (1967).

10. *See In re Carter,* 618 F.2d 1093, 1104 (5th Cir. 1980), *cert. denied,* 450 U.S. 949, 101 S.Ct. 1410, 67 L.Ed.2d 378 (1981).

11. In this cause of action plaintiff alleges that he was coerced into abandoning his action against the shipowner, but the official records of this court indicate that the lawsuit is still

and the defendant conspired to coerce him into abandoning his lawsuit against Sea-Land. While plaintiff does not specify which subdivision of section 1985 it is alleged was violated, only subdivision 2 would appear to be applicable. This creates a cause of action if "two or more persons ... conspire to deter by force, intimidation or threat, any party or witness in any court of the United States from attending such court...."[12] In order to state a claim under this provision, plaintiff must specify with "some degree of particularity overt acts which defendant engaged in which were reasonably related to the promotion of the claimed conspiracy."[13] Plaintiff must allege sufficient facts to show that "force, intimidation or threat" was employed in an effort to coerce him into abandoning his lawsuit.[14] Plaintiff's complaint is entirely devoid of any factual allegation giving content to his charge of the existence of the claimed conspiracy and acts that allegedly furthered its purpose to deprive him of a federal judicial forum. Merely tracking the statutory language does not satisfy this requirement: the complaint must contain some degree of specificity with respect to the alleged conspiracy.[15] Accordingly, this cause of action is dismissed for failure to state a claim upon which relief can be granted.

Plaintiff's final cause of action charges that a union official applied a racially denigrating epithet to him and thereby violated his civil rights. However, a derogatory reference by an individual does not give rise to a civil rights claim.[16]

Accordingly, defendant's 12(b) motions are denied as to plaintiff's sixth claim for breach of fair representation, and granted as to all the others.

So ordered.

---

pending and awaiting trial. (*Wallace v. Sea-Land Services, Inc. and S.S. Gateway City,* 78 Civ. 2756 (PNL) (S.D.N.Y.) ).

**12.** 42 U.S.C. § 1985(2).

**13.** *Powell v. Workmen's Compensation Board,* 327 F.2d 131, 137 (2d Cir. 1964).

**14.** *See Williams v. St. Joseph Hospital,* 629 F.2d 448, 488 (7th Cir. 1980); *Powell v. Workmen's Compensation Board,* 327 F.2d 131, 137 (2d Cir. 1964); *Martin Hodas, East Coast Cinematics v. Lindsay,* 431 F.Supp. 637, 644 (S.D.N.Y.1977); *Morpurgo v. State Board of Higher Education,* 423 F.Supp. 704, 713–14 (S.D.N.Y. 1976). *See also Kauffman v. Moss,* 420 F.2d 1270, 1275 & n.13 (3d Cir.), *cert. denied,* 400 U.S. 846, 91 S.Ct. 93, 27 L.Ed.2d 84 (1970).

**15.** *Granville v. Hunt,* 411 F.2d 9, 11 (5th Cir. 1969) (failure to allege facts showing existence of conspiracy fatal to § 1985 conspiracy claim); *Sauls v. Bristol-Myers Co.,* 462 F.Supp. 887, 889 (S.D.N.Y.1978); *Martin Hodas, East Coast Cinematics v. Lindsay,* 431 F.Supp. 637, 644 (S.D.N.Y.1977); *Morpurgo v. United States,* No. 75 Civ. 3840 (S.D.N.Y.1976). *See also Croy v. Skinner,* 410 F.Supp. 117, 127 (N.D.Ga. 1976) ("[i]solated threats and accusations, coupled with derogatory references to plaintiff's character and ethnic background simply do not state a claim for conspiratorial action in violation of plaintiff's civil rights.").

**16.** *Graseck v. Manceri,* 582 F.2d 203, 207 (2d Cir. 1978), *cert. denied,* 439 U.S. 1129, 99 S.Ct. 1048, 59 L.Ed.2d 91 (1979).