**Harold SHIPLEY, Plaintiff-Appellant,**

v.

**KNOXVILLE JOURNAL CORPORA-TION and Ted Griffith, Defendants-Appellees.**

Court of Appeals of Tennessee, Western Section, at Knoxville.

Feb. 7, 1984.

Application for Permission to Appeal Denied by Supreme Court May 7, 1984.

P. Douglas Morrison and Thomas H. Dickenson, Knoxville, for plaintiff-appellant.

R. Louis Crossley, Jr., Knoxville, for defendants-appellees.

NEARN, Presiding Judge, Western Section.

This is an appeal from an order in a libel action dismissing the action because "the article and headline in question were not defamatory as alleged ..."

Harold Shipley, the Knoxville City Safety Director, filed suit against the Knoxville Journal Corporation and its reporter Ted Griffith alleging that the defendants had libeled him by publishing a front page news story and headline written by defendant Griffith. The complaint charged that the publication was false; that the publication was done out of malice with knowledge of its falsity or with reckless disregard for the truth. Further, that defendants were notified pursuant to T.C.A. § 29–24–103 to retract the publication and that defendants refused. The plaintiff alleged that his reputation had been injured and that he had suffered humiliation and monetary loss as a result of the libel. A copy of the publication was attached to the complaint and a jury was demanded.

■ The defendants filed a motion to dismiss, pursuant to Rule 12.02(6) T.R. Civ.P., for failure to state a claim upon which relief can be granted. No affidavits or matters outside the pleadings were considered. In considering such a motion it is the duty of the Court to consider all allegations of the complaint as true. *Sullivant v. Americana Homes, Inc.* (1980 Tenn.App. W.S.), 605 S.W.2d 246, *cert. denied.* Upon such consideration if no cause of action is stated upon which relief can be granted, the motion will be sustained. Otherwise, it must be denied. *Fuerst v. Methodist Hospital South* (1978 Tenn.), 566 S.W.2d 847.

■ The plaintiff has alleged that the libel was published against him in his official capacity. We consider him a "public figure" as that term is applicable to the law of libel. In order for a public figure to maintain an action in libel against a defendant the plaintiff must allege and prove that the defendant published the allegedly defamatory communication "(a) know[ing] that the statement is false and that it de-

fames the other person or (b) act[ing] in reckless disregard of these matters." *Press, Inc. v. Verran* (1978 Tenn.), 569 S.W.2d 435 at 442, quoting from Restatement (Second) of Torts § 580A (1977). We are not now concerned with the matter of proof. The basis of the Rule 12.02(6) motion is that the allegations alone, taken as true, are insufficient to state a claim. Questions of proof are left to trial or a motion for summary judgment and this cause has not reached either of those stages.

Therefore, for present purposes we must consider as true the fact that the publication is false, was published maliciously with knowledge of its falsity or with reckless disregard for the truth. *Cornpropst v. Sloan* (1975 Tenn.), 528 S.W.2d 188. Taking those allegations as true, a cause of action upon which relief can be granted has been stated in this instance, unless the publication, in spite of its falseness and maliciousness, as a matter of law is not defamatory or cannot be so construed by the trier of the facts.

The headlines over the article complained of are "Shipley Orders Baby Jailed—Police veteran says action 'violates human decency.'" The first four paragraphs of the article are as follows:

Knoxville City Safety Director Harold Shipley reportedly ordered an 18-month-old girl jailed along with her mother Thursday night, an apparent violation of normal police procedures.

Patrolman B.J. Bates, acting on orders from Shipley, transported Cynthia A. Latham, 24, of 545 Lost Tree Lane, and her daughter, Jessica Hingtgen, to jail on charges of reckless driving and violation of child restraint seat law.

Latham and her daughter were kept in the booking room of City Jail for about an hour before Lynn Davis of Volunteer Bonding Company posted their release.

A 22-year veteran of the Knoxville Police Department, who asked not to be named, said, "This is the first time I have ever heard of such a thing (having a child in

City Jail with its mother). It's absurd. It violates human decency."

Reviewing the article in the manner required, we must consider that plaintiff did not order an eighteen month old baby girl jailed; that no normal police procedures were violated; that Patrolman Bates did not act upon orders from Shipley; that the baby was not kept detained for about one hour and that no veteran policeman ever stated that plaintiff's actions were absurd, and violated human decency. We must further consider that the foregoing untruths were published maliciously with knowledge of their falsity or with reckless disregard for the truth and that such action on the part of the defendants has held plaintiff up to public ridicule, harmed his reputation and caused him monetary loss.

■ To determine as a matter of law whether the publication itself is actionable, taking for granted its falsity and malice in its publication, the Court must determine "whether the libel as published would have a different effect on the mind of a reader from which the pleaded truth would have produced." *Windsor v. The Tennessean* (1983 Tenn.App.W.S.), 654 S.W.2d 680 at 686, *cert. denied.* Where a jury has been demanded, the Court must determine if the publication is reasonably capable of being understood in a defamatory sense. *Memphis Publishing Co. v. Nichols* (1978 Tenn.), 569 S.W.2d 412.

■ Upon a reading of the article we are of the opinion that a fact or jury issue on whether or not the article could be considered defamatory publication against a public figure has been made by the complaint. Accordingly, we are also of the opinion that the complaint does at least state a claim upon which relief can be granted and the Trial Judge erred in sustaining the motion.

The result is that the judgment of the Trial Court is reversed and the cause remanded to the Circuit Court of Knox County for further proceedings with costs of appeal adjudged against appellees.

Done at Knoxville in the two hundred and eighth year of our Independence and in the one hundred and eighty-eighth year of our Statehood.

TOMLIN and HIGHERS, JJ., concur.