**ESTATE OF Hattie S. WALKER**

v.

**CITY OF BRIDGEPORT, et al.**

**Civ. No. B–85–340(EBB).**

United States District Court,
D. Connecticut.

Oct. 30, 1986.

Ben Smith, Bridgeport, Conn., pro se.

Raymond B. Rubens, Thomas K. Jackson, Office of the City Attorney, Mary Pat Reilly, Garie J. Mulcahey, Raymond J. Plouffe, Jr., Arnold J. Bai, Bridgeport, Conn., for defendant Grover Lyons, M.D.

F. Patrick O'Sullivan, Skelley, Clifford, Vinkels Williams & Rottner, Hartford, Conn., for Barbara Belsito.

**RULING ON MOTION TO DISMISS**

ELLEN B. BURNS, District Judge.

Plaintiff brings this action in eighteen counts alleging federal and state law claims against the City of Bridgeport ("the City"), the Dinan Memorial Center ("the Dinan Center"), and eight individually named defendants. Plaintiff's federal claims are that the defendants conspired to, and did, discriminate and deprive the decedent of her constitutional rights, because of her race, color, age, national origin, and religion, in violation of 42 U.S.C. §§ 1981, 1983, 1985, and 1986, and the Fourteenth Amendment. The City, the Dinan Center, and defendants Leonard Crone, Leonard Paoletta, and David Slutzker, have moved

under Rule 12(b)(6) of the Federal Rules of Civil Procedure for dismissal of the action against them for failure to state a claim upon which relief can be granted. For the reasons discussed below, the court grants defendants' motion to dismiss.

## I. FACTS

For purposes of ruling on the motions to dismiss, the facts in the amended complaint will be accepted as true. *Yale Auto Parts, Inc. v. Johnson,* 758 F.2d 54, 57 (2d Cir. 1985). The complaint sets forth the following scenario. Hattie Walker was admitted to the Dinan Center on March 20, 1984, for acute and chronic geriatric treatment and rehabilitative care. During the early morning of July 20, 1984, Mrs. Walker fell from her bed and suffered numerous injuries, including a head injury. These injuries eventually resulted in her death on August 10, 1984.

Plaintiff claims that the defendant negligently treated Mrs. Walker before the fall, that, by leaving her bed's side rails down, they caused the fall from the bed, and that, after the fall, they improperly diagnosed and mistreated her injuries. Plaintiff contends these events resulted from a conspiracy among the defendants to violate decedent's constitutional rights because of her race, color, religion and national origin.

## II. DISCUSSION

Although Rule 8(a) of the Federal Rules of Civil Procedure allows a plaintiff to plead a "short and plain statement" of his claim, courts generally require complaint of violations of civil rights to set forth allegations of facts showing a deprivation of protected rights. "Boilerplate pleading" of a municipal custom or policy, or conclusory allegations of constitutional deprivations, are insufficient to meet the pleading requirement. *See Fine v. City of New York,* 529 F.2d 70, 73 (2d Cir.1975); *Thurman v.*

*City of Torrington,* 595 F.Supp. 1521, 1530 (D.Conn.1984); *Appletree v. City of Hartford,* 555 F.Supp. 224, 228 (D.Conn. 1983); *Smith v. Ambrogio,* 456 F.Supp. 1130, 1137 (D.Conn.1978). The application of this principle of particularized fact pleading to the instant complaint requires the finding that plaintiff has not met the minimal pleading requirements to state a claim against the moving defendants.[1]

### A. Civil Rights Counts

Among plaintiff's contentions are claims based on 42 U.S.C. §§ 1981, 1983, 1985, and 1986. A plaintiff claiming under each of these statutes must plead facts that substantiate the action. Title 42 United States Code § 1981 guarantees every person rights under the law equal to those enjoyed by white citizens. Accordingly, plaintiff must plead some particularized facts demonstrating that racial animus was the reason for defendant's actions. *See, e.g., Jafree v. Barber,* 689 F.2d 640, 643 (7th Cir. 1982). Plaintiff has completely failed to do so.

Title 42 United States Code, Section 1985 concerns conspiracies to deprive persons of the equal protection of the law. Broad conclusory language, absent factual allegations that support a conspiracy theory, is insufficient to support a § 1985 action. *See, e.g., Jaco v. Bloechle,* 739 F.2d 239, 245 (6th Cir.1984); *Jafree, supra,* 689 F.2d at 644. Insofar as 42 U.S.C. § 1986 provides for an action for neglect to prevent any wrong under § 1985, a necessary predicate for a § 1986 action is a valid § 1985 claim. *See, e.g., Trerice v. Pedersen,* 769 F.2d 1398, 1403 (9th Cir.1985); *Santistevan v. Loveridge,* 732 F.2d 116, 118 (10th Cir. 1984). Because the plaintiff does not present a valid § 1985 claim, the § 1986 claim, as well as the § 1985 claim, against these defendants must be dismissed.

---

**1.** Plaintiff, appearing *pro se* as the administrator of Mrs. Walker's estate, is an attorney, admitted to the bar of this court. Although the usual generous construction of a *pro se* complaint, *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) would not, therefore, normally be mandated in this case, the court has scrutinized the complaint with the *Haines* standard in mind. The third amended complaint was filed as a result of the granting by the court of defendants' motion for a more definite statement which indicated the deficiencies in the pleading of plaintiff's federal claims. Those deficiencies have not been cured.

### B. § 1983: The City and the Dinan Center

■ The law regarding municipal liability under section 1983 is based on the Supreme Court decision in *Monell v. New York City Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Under *Monell*, a municipality is liable for violations of federal rights caused by the municipality pursuant to an officially adopted policy or a "custom or usage" which has taken on the "force of law." *Id.* at 692–94, 98 S.Ct. at 2036–37 (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 167–68, 90 S.Ct. 1598, 1613–14, 26 L.Ed.2d 142 (1970)). The *Monell* court, however, took great pains to note that a municipality would not be liable under the doctrine of *respondeat superior* for acts of its employees not taken pursuant to official policy or custom. *Monell, supra*, 436 U.S. at 692–94, 98 S.Ct. at 2036–37. A municipality is only liable for violations of federally protected rights which were caused by the municipality itself. *Id.*

Pleading a *Monell* count therefore requires the pleading of facts showing the existence of the offending custom or policy. *See Thurman, supra*, 595 F.Supp. at 1530; *Ambrogio, supra*, 456 F.Supp. at 1137. *Cf. Fine, supra*, 529 F.2d at 73. When alleging the existence of a custom or practice that has not been formally adopted, the plaintiff "must typically point to facts outside his own case to support his allegation of a policy on the part of a municipality." *Thurman, supra*, 595 F.Supp. at 1530. Moreover, the Supreme Court has recently determined that proof of a single egregious incident, without more, cannot be used to infer a policy or custom establishing municipal liability under *Monell*. *Oklahoma City v. Tuttle*, 471 U.S. 808, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985).

In the instant case, plaintiff has completely failed to plead any facts from which a policy or custom can be inferred. Furthermore, except for the portions of the July 10, 1986, "Objection to Defendants' Motion to Dismiss" which essentially repeat established case law, plaintiff does not even attempt to present a custom or policy, express or otherwise, involving the defendants. Thus, plaintiff fails to meet the minimal pleading requirements necessary to bring a *Monell* claim against the City and the Dinan Center.

### C. § 1983: The Individual Defendants

■ Individual defendants Leonard Crone, Leonard Paoletta, and David Slutzker have also moved to dismiss plaintiff's claims. Similar to a municipality, individual supervisory officials cannot be held liable under § 1983 on the theory of *respondeat superior*. *Ambrogio, supra*, 456 F.Supp. at 1135. Supervisory officials are liable where either they affirmatively participate in the illegal acts or their failure to act "amounts to deliberate indifference or to tacit authorization of the offensive acts." *Turpin v. Mailet*, 619 F.2d 196, 201 (2d Cir.1980), *cert. denied*, 449 U.S. 1016, 101 S.Ct. 577, 66 L.Ed.2d 475 (1980) (*see also* cases cited therein). Although each of the moving defendants held a governmental position, the plaintiff has failed to connect any of them to the alleged discriminatory acts occurring at the Dinan Center.

At the time of the incident involving Mrs. Walker, Leonard Crone was City Clerk, Leonard Paoletta was Mayor, and David Slutzker was Director of the Dinan Center. Mr. Crone and Mr. Paoletta are parties to this suit because of the offices each held.[2] There is no factual allegation to suggest that either defendant directed or ignored illegal activities at the Dinan Center. Because *respondeat superior* is not available to hold Mr. Crone and Mr. Paoletta liable under § 1983, the counts against them must be dismissed.

---

**2.** The only specific allegations with respect to these defendants are set forth in paragraph 2 of the third amended complaint as follows:

And at all times hereinafter mentioned, and material hereto, Defendant City of Bridgeport, Leonard Crone, City Clerk, Leonard Paoletta, Mayor is a municipality organized and existing under the laws of, and pursuant to authority granted by the State of Connecticut, and said city owned, operated and controlled the Dinan Memorial Center, an Acute and Chronic Geriatric Care Skilled Care Facility, and said city hired, employed and elected and appointed the Defendants who performed duties, work, assignments, orders, tasks and chores at the Dinan Memorial Center. *CGS, Title 6 chpt. 76*

Although Mr. Slutzker, as Director of the Dinan Center, would seemingly be more susceptible to liability for activities at the Center than the Mayor or City Clerk, the plaintiff fails to link Mr. Slutzker to any improper conduct. The sole mention of Mr. Slutzker is in paragraph 3 of the third amended complaint [3] and there is nothing in the pleadings remotely to suggest that he instituted a policy of discrimination, that he participated in the alleged violations, or that he deliberately ignored or tacitly authorized the alleged violations. *Cf. Slakan v. Porter*, 737 F.2d 368, 372–76 (4th Cir. 1984), *cert. denied, Reed v. Slakan*, 470 U.S. 1035, 105 S.Ct. 1413, 84 L.Ed.2d 796 (1985); *Taylor v. Mayone*, 626 F.2d 247, 250 n. 2 (2d Cir.1980). Because Mr. Slutzker cannot be held vicariously liable for acts of his subordinates, the counts against him must be dismissed.

### D. *State Law Claims*

Plaintiff's complaint contains a myriad of state law claims, including breach of contract, medical malpractice, wrongful death, and violations of rights guaranteed by the Connecticut Public Health Code. In view of the dismissal of the federal claims, the pendent state claims against the moving defendants are also dismissed. *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

### III. CONCLUSION

For the reasons stated above, the defendants' motion to dismiss the complaint is granted. Therefore, the actions against the City of Bridgeport, the Dinan Center, Leonard Crone, Leonard Paoletta, and David Slutzker, are dismissed.

SO ORDERED.

---

**3.** And at all times hereinafter mentioned, and material hereto, Defendant Dinan Memorial Center, David Slutzker, Director is a City of Bridgeport, Connecticut which is organized and existing under the laws of and pursuant to authority granted by the laws of the State of Connecticut, owned and operated, controlled and managed Acute and Chronic Geriatric Care Skilled Care Facility existing and operating under the control, charge and directions of the rules, regulations, ordinances and laws of the City of Bridgeport and also existing and operating under and pursuant to the Laws of the State of Connecticut.