**Howard ALLEN**

v.

**Chief Judge John RONAN, Judge William Sullivan, Chief Public Defender William Holden, Special Public Defender Robert Bellitto, Special Public Defender Frank Riccio, Chairman John Labelle, Esq., Public Defender Carol Goldberg, Assistant States Attorney Steve Sedensky, Deputy Warden Edward Davies.**

**No. 5:91CV00165 (WWE).**

United States District Court,
D. Connecticut.

April 3, 1991.

Howard Allen, Pro se.

## MEMORANDUM OF DECISION

EGINTON, District Judge.

The plaintiff is an inmate at the Connecticut Correctional Institution in Enfield. He brings this action *pro se* and *in forma pauperis* pursuant to 42 U.S.C. § 1983. Plaintiff claims that defendants violated state and federal law in the course of his criminal proceedings and conspired to cause his death and the genocide of Afro Americans. He seeks declaratory and injunctive relief, compensatory damages in the amount of $12 million dollars, and punitive damages in the amount of $1 million per defendant. Additionally, plaintiff moves for a temporary restraining order and/or a preliminary injunction. For the reasons set forth below, plaintiff's motion is denied and this complaint is dismissed with leave to amend.

The facts that can be gleaned from plaintiff's complaint describe three separate state criminal proceedings. During the course of these proceedings, plaintiff was found guilty of contempt on two separate occasions. He received criminal contempt sentences of five months and an indefinite sentence which was later commuted to six months. Plaintiff alleges that he filed several habeas corpus petitions and "writs of error" challenging the jurisdiction of the state courts. He adds that he filed a complaint with the Judicial Review Committee concerning a Judge who denied his request to subpoena thirty witnesses. Plaintiff's petitions, writs, and complaint were allegedly not acted upon or were returned to him as procedurally defective. Plaintiff makes passing reference to a newspaper article which "damage[d] his reputation," and to a claims commission file. Lastly, he states that a motion to dismiss one of his criminal cases was denied and he was convicted of manslaughter because his attorney refused to introduce evidence of perjury. Plaintiff received a sentence of twenty years imprisonment.

Plaintiff alleges that the defendants conspired to falsify state records, tamper with and fabricate evidence, commit perjury, hinder prosecution, and deny due process and equal protection to Afro Americans. He asserts that the sentence he received is illegally excessive and is evidence of defendants' conspiracy to inflict "permanent mental injury" and cause his death. Additionally, he claims defendants denied him the effective assistance of counsel, withheld exculpatory material, and refused to investigate other favorable evidence. Lastly, plaintiff contends that he was denied due process when his motions were returned without cause and defendants intentionally violated statutes and rules in order to "usurp jurisdiction."

■ Plaintiff's complaint is deficient in several respects. First, it fails to allege sufficient facts demonstrating the violation of a federally protected right. "It is well settled in this circuit that a complaint consisting of nothing more than naked assertions, and setting forth no facts upon which a court could find a violation of the Civil Rights Acts, fails to state a claim under Rule 12(b)(6)." *Martin v. New York State Dept. of Mental Hygiene*, 588 F.2d 371, 372 (2d cir.1978). "[C]omplaints relying on civil rights statutes are insufficient unless they contain some specific allegation of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning." *Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir.1987). In this instance, plaintiff provides a disjointed account of his criminal history and a long list

of conclusory allegations concerning a mass conspiracy between the judges and attorneys involved in his state proceedings. He offers no information concerning who tampered with what evidence or how it was falsified.

■ Second, *pro se* complaints containing only conclusory, vague, or general allegations of a conspiracy to deprive a person of constitutional rights are subject to dismissal. *Zemsky v. City of New York*, 821 F.2d 148, 151 (2d Cir.), *cert. denied*, 484 U.S. 965, 108 S.Ct. 456, 98 L.Ed.2d 396 (1987); *Sommer v. Dixon*, 709 F.2d 173, 175 (2d Cir.) *(per curiam)*, *cert. denied*, 464 U.S. 857, 104 S.Ct. 177, 78 L.Ed.2d 158 (1983); *Estate of Walker v. City of Bridgeport*, 676 F.Supp. 442, 443 (D.Conn.1986), *aff'd mem.*, 854 F.2d 1315 (2d Cir.1988). Generally plaintiffs must allege with some degree of specificity the defendants' overt acts which were reasonably related to the promotion of the claimed conspiracy. *Wallace v. International Organization of Masters, Mates and Pilots*, 547 F.Supp. 155, 158 (S.D.N.Y.1982). Here, plaintiff fails to describe even one overt act "giving content to his charge of the existence of the claimed conspiracy." *Id.*

■ Lastly, a plaintiff must allege the defendants' direct or personal involvement in the alleged constitutional deprivation. *McKinnon v. Patterson*, 568 F.2d 930, 934 (2d Cir.1977), *cert. denied*, 434 U.S. 1087, 98 S.Ct. 1282, 55 L.Ed.2d 792 (1978). In § 1983 actions, the doctrine of *respondeat superior* is not applicable. *Monell v. New York City Department of Social Services*, 436 U.S. 658, 692–95, 98 S.Ct. 2018, 2036–38, 56 L.Ed.2d 611 (1978). Generally, to be found liable in a supervisory capacity a defendant must have failed to remedy a wrong after learning of the violation; created an unconstitutional policy or allowed such to continue; or acted with gross negligence in managing the subordinates who caused the wrong. *Williams v. Smith*, 781 F.2d 319, 323–24 (2d Cir.1986). Plaintiff's complaint is devoid of facts describing the acts or omissions of defendants, Holden, Bellitto, LaBelle, Goldberg and Sedensky.

Accordingly, as to these defendants, the complaint must be dismissed.

■ Plaintiff's motion for a restraining order and/or a preliminary injunction is similarly deficient. He requests injunctive relief in order to "preserve and protect evidence;" to protect his own life; and to prohibit defendants from transferring him out-of-state or "into dangerous situations." In support of his motion, plaintiff states that defendants are accused of tampering with state records therefore, "it would serve the interest of justice to protect this evidence." Additionally, plaintiff claims that because defendants are attempting to "murder" him and commit "genocide," this order should issue to prevent his death. Lastly, he states that a transfer would enable defendants to "silence [him] and prevent [him] from seeking redress of [his] grievances."

■ Plaintiff has not demonstrated adequately the need for immediate injunctive relief. As discussed above, plaintiff's complaint is devoid of facts demonstrating that defendants conspired to falsify evidence or kill the plaintiff. With respect to these allegations it does not "clearly [appear] from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage, will result" to plaintiff prior to the issuance of a temporary restraining order. Fed.R. Civ.P. 65(b). Furthermore, plaintiff's assertion that a transfer might "silence" this action is mistaken. A transfer or release from prison does not moot an action where there is a claim for damages. *See Beyah v. Coughlin*, 789 F.2d 986, 988 (2d Cir.1988); *Salahuddin v. Coughlin*, 591 F.Supp. 353, 362 (S.D.N.Y.1984).

Accordingly, this complaint is DISMISSED without prejudice for failure to state a claim upon which relief can be granted. *See* Fed.R.Civ.P. 12(b)(6). Plaintiff is permitted leave to amend his complaint provided he can set forth facts supporting his claims of a conspiracy and constitutional deprivation. Any amendment must be received by the court within thirty days from the date of this memorandum. It is certified that any appeal *in forma*

*pauperis* from this order would not be taken in good faith because such an appeal would be frivolous. 28 U.S.C. § 1915(a). Because plaintiff makes an adequate demonstration of poverty, the request to docket this complaint without prepayment of the filing fees is GRANTED.

SO ORDERED.