# IN THE COURT OF APPEALS OF TENNESSEE
## WESTERN SECTION AT JACKSON

| | | |
|---|---|---|
| **BOBBY ROBERSON,** | ) | |
| | ) | |
| Plaintiff/Appellant, | ) | **Lauderdale Circuit No. 4874** |
| | ) | |
| **VS.** | ) | **Appeal No. 02A01-9704-CV-00085** |
| | ) | |
| **MARTHA BRASFIELD, Commr.,** | ) | |
| **et al,** | ) | |
| | ) | |
| Defendant/Appellee. | ) | |

**FILED**

**February 20, 1998**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

### APPEAL FROM THE CIRCUIT COURT OF LAUDERDALE COUNTY
### AT RIPLEY, TENNESSEE
### THE HONORABLE JOSEPH H. WALKER, JUDGE

**BOBBY ROBERSON, pro se**
Henning, Tennessee

**JOHN KNOX WALKUP**
**Attorney General & Reporter**
**STEVEN A. HART**
**Special Counsel**
Nashville, Tennessee
Attorney for Appellee

**AFFIRMED**

**ALAN E. HIGHERS, J.**

**CONCUR:**

**DAVID R. FARMER, J.**

**HOLLY KIRBY LILLARD, J.**

Plaintiff, Bobby Roberson ("Roberson"), appeals the order of the trial court granting

the motion of Defendants, Martha Brasfield, Commissioner of the Tennessee Claims Commission ("Commissioner"); Jimmy Harrison, Warden of Cold Creek Correctional Facility ("C.C.C.F."); and Roy Kelly, correctional officer at C.C.C.F., to dismiss the action under Tennessee Rule of Civil Procedure 12.02 for failure to state a claim upon which relief can be granted and for lack of subject matter jurisdiction. Roberson appeals the trial court's judgment. For reasons stated hereinafter, we affirm the judgment of the trial court.

On October 10, 1995, Roberson was placed in segregation pending disciplinary proceedings for creating a disturbance within C.C.C.F. Roberson avers that he was not allowed to return to his housing unit to gather his belongings before being escorted to segregation. Roberson's belongings were packed by officer Kelly and Roberson's cell mate. This property was sealed and delivered to the building where Roberson was located and turned over to officers in charge of handling the property of the prisoners at C.C.C.F. These officers placed Roberson's belongings in a conference room in order to allow him to inspect his belongings. After inspecting his belongings, Roberson discovered that his jewelry was not present. He inquired of the officers as to the whereabouts of his jewelry, but the officers replied that no one brought them jewelry. The officers informed Roberson of the procedure for filing a claim for lost property.

On December 13, 1995, Roberson filed such a claim with the Tennessee Claims Commission for the loss of his jewelry alleging negligence on the part of officer Kelly and Warden Harrison. The Tennessee Claims Commission denied Roberson's claim on January 30, 1996.

On December 6, 1996, Roberson filed a complaint in the Circuit Court of Lauderdale County pursuant to Tenn. Code Ann. § 29-20-305, alleging loss of property. Roberson's complaint contends that Defendants acted negligently, resulting in the loss of his property and entitling him to reimbursement in the amount of $2,029. Specifically, he claims that Defendants were negligent in failing to follow Tennessee Department of Correction Policy when transferring his property within the prison and in failing to investigate his claim

2

properly thereby resulting in the alleged loss of his jewelry.

Defendants filed a motion to dismiss pursuant to Tenn. R. Civ. P. 12.02 on the grounds that the Circuit Court lacked subject matter jurisdiction and that the complaint failed to state a claim upon which relief could be granted. On March 3, 1997, Roberson requested leave to file an amended complaint. The trial allowed him to file an amended complaint, and the complaint was filed on March 4, 1997. Mr. Roberson's amended complaint voiced an additional cause of action. Specifically, he contended that Defendants' negligent handling of his property had resulted in a taking of his property without due process.

On March 15, 1997, the Circuit Court issued an order whereby it adopted the Defendants' analysis set forth in their memorandum in support of the motion to dismiss and granted the Defendants' motion to dismiss pursuant to Tenn. R. Civ. P. 12.02. This appeal ensued.

The sole issue before this court is whether the trial court erred in dismissing the complaint pursuant to Tenn. R. Civ. P. 12.02 for failure to state a claim upon which relief can be granted and for lack of subject matter jurisdiction.

## LAW AND DISCUSSION

The issues presented in this matter are questions of law raised by the motion to dismiss based upon a failure to state a claim upon which relief can be granted and upon a lack of subject matter jurisdiction. Consequently, the scope of our review is *de novo* with no presumption of correctness. *See* T.R.A.P. 13(d); *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993).

A Rule 12.02 motion to dismiss for failure to state a claim upon which relief can be

granted tests only the sufficiency of the complaint, not the strength of a plaintiff's proof as does, for example, a motion for a directed verdict. *Merriman v. Smith*, 599 S.W.2d 548, 560 (Tenn. Ct. App. 1979). The failure to state a claim upon which relief can be granted is determined by an examination of the complaint alone. *Wolcotts Fin. Serv. Inc. v. McReynolds*, 807 S.W.2d 708, 710 (Tenn. Ct. App. 1990). The basis for the motion is that the allegations contained in the complaint, considered alone and taken as true, are insufficient to state a claim as a matter of law. *Cornpropst v. Sloan*, 528 S.W.2d 188, 190 (Tenn. 1975); *Shelby County v. King*, 620 S.W.2d 493, 494 (Tenn. 1981); *Shipley v. Knoxville Journal Corp.*, 670 S.W.2d 222, 223 (Tenn. Ct. App. 1984). The motion admits the truth of all relevant and material averments contained in the complaint but asserts that such facts do not constitute a cause of action. *League Cent. Credit Union v. Mottern*, 660 S.W.2d 787, 789 (Tenn. Ct. App. 1983).

We need not tarry long with Roberson's claim for monetary relief. First, it is imperative to note that he brought this action pursuant to the Tennessee Governmental Tort Liability Act (TGTLA) codified at Tenn. Code Ann. § 29-20-101 et seq. Defendants argue that the TGTLA has no application to the state government or its agencies and departments, and only applies to municipal, county, or other local governments. We are of the opinion that this contention is well taken, and that the trial court was correct in dismissing this matter partly on this basis. As our Supreme Court stated in *Tennessee Dept. Of Mental Health and Mental Retardation v. Hughes*, 531 S.W.2d 299, 300 (Tenn. 1975):

> While there is broad language defining "governmental entity" in T.C.A. § 23-3302(1) (now codified as T.C.A. § 29-20-102), the entire statute has to be read in context, and it is clear from reading the entire Act that the references therein are to local governmental entities, their agencies and employees. While we think that the Act is sufficiently clear in this regard as not to require the use of extrinsic aids in interpretation, nevertheless if there should be sufficient doubt on the point to justify a finding that the statute is ambiguous, the legislative debates in connection with the passage of the Act make it clear that the intention of the General Assembly was to deal with the question of governmental immunity only at the county, municipal, or other local level, and not at the state level.

*See Lucius v. City of Memphis*, 925 S.W.2d 522, 525 (Tenn. 1996); *Youngblood v.*

4

*Clepper*, 856 S.W.2d 405, 406 (Tenn. Ct. App. 1993). Defendants Roy Kelly and Jimmy Harrison are employed by the Tennessee Department of Correction and Defendant Martha Brasfield is employed by the Tennessee Claims Commission. As such, all Defendants are state employees and are thereby immune from this action taken under the provisions of TGTLA.

Secondly, because of the sovereign immunity conferred on the State, Roberson can seek monetary relief only in the manner permitted by statute. Exclusive jurisdiction of claims for the negligent care, custody, or control of personal property is vested in the Tennessee Claims Commission. Tenn. Code Ann. § 9-8-307(a)(i)(F). Tenn. Code Ann. § 9-8-307 (a)(3)(h) provides:

> State officers and employees are absolutely immune from liability for acts or omissions within the scope of the officer's or employee's office or employment, except for willful, malicious, or criminal acts or omissions or for acts or omissions done for personal gain. For purposes of this chapter, "state officer" or "state employee" has the meaning set forth in Tenn. Code Ann. § 8-42-101(3).

Tenn. Code Ann. § 8-42-101(3) defines "state officer" or "state employee" in part as:

> "State employee" means any person who is a state official, including members of the general assembly and legislative officials elected by the general assembly, or any person who is employed in the service of and whose compensation is payable by the state, . . .

In the case before us, although the state is not a named party to this action, it is apparent from the complaint that Roberson is seeking recovery against the Defendants in their official capacity as state employees. Roberson has not cited and our research has failed to uncover a statute permitting persons confined to penal institutions to file suit against state employees for monetary damages in the courts of this state in order to overcome this grant of sovereign immunity. Furthermore, we failed to discover any facts alleged by Roberson wherein he attempts to vitiate Defendants' immunity under Tenn. Code Ann. § 9-8-307 (a)(3)(h) by alleging that Defendants' actions in this matter were willful, malicious, criminal, or done for their own personal gain. In fact, Roberson states that negligence is the basis for his complaint. Accordingly, we find that the trial court correctly determined that it lacked subject matter jurisdiction over Roberson's claim for monetary relief, and that

his claim failed to state a claim upon which relief may be granted.[1]

Lastly, we consider whether the trial court was correct in dismissing Roberson's due process claim. After a careful examination of the record, we find that his claim alleges that the negligent actions of Defendants deprived him of his fourth, eighth and fourteenth amendment due process rights. Particularly, he states on page 3 of his amended complaint: "Wherefore, premises considered, plaintiff seeks . . . [a]n order from the Court that the defendants' negligence is the proximate cause of this complaint." This argument must fail.

In *Daniels v. Williams*, 474 U.S. 327, 328 (1986), the United States Supreme Court held that mere negligence on the part of state officials does not implicate due process, and therefore, does not state a cause of action under 42 U.S.C. § 1983. *Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Shell v. State*, 893 S.W.2d 416, 419 (Tenn. 1995). We agree with the trial court that the allegations in the plaintiff's complaint, taken as true, amount to negligence, and, as such, we conclude that due process is simply not triggered by negligent acts of state officials causing unintended loss or injury to life, liberty, or property. We affirm the trial court's dismissal of Roberson's due process claim on the grounds that he has failed to state a claim upon which relief can be granted.

The judgment of the trial court dismissing the complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted is affirmed. Costs of this appeal are taxed to Roberson.

_____
HIGHERS, J.

---

[1] We further note that Defendant Brasfield is protected for her acts or omissions as Claims Commissioner under the doctrine of judicial immunity. If an act or omission of a public employee represents an exercise of discretion conferred by law or valid regulation, then the manner of exercise of that discretion, absent willfulness, maliciousness, or corruption, is exempt from liability under the common law rule of judicial immunity/quasi-judicial immunity first recognized by this state in *Webb v. Fisher*, 109 Tenn. 701, 72 S.W. 110 (1902). *See McCloud v. Bradley*, 724 S.W.2d 362, 367 (Tenn. Ct. App. 1986). Undoubtedly, in denying Roberson's claim, Defendant Brasfield was operating under the power conferred upon her by the state of Tennessee, and as such, is judicially immune from this action.

CONCUR:

_____
FARMER, J.


_____
LILLARD, J.