## IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON

# FILED

**October 6, 1999**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | |
|---|---|
| **STEVEN COBB,** | **)** |
| | **)** |
| Plaintiff/Appellant, | **) Lauderdale Circuit No. 50501** |
| | **)** |
| **VS.** | **) Appeal No. 02A01-9811-CV-00308** |
| | **)** |
| **CHARLES WILSON, et al,** | **)** |
| | **)** |
| Defendants/Appellees. | **)** |

APPEAL FROM THE CIRCUIT COURT OF LAUDERDALE COUNTY
AT RIPLEY, TENNESSEE
THE HONORABLE JOSEPH H. WALKER, III, JUDGE

**STEVEN COBB, pro se**
Henning, Tennessee

**PAUL G. SUMMERS**
**Attorney General and Reporter**
**MICHAEL E. MOORE**
**Solicitor General**
**ELENA J. XOINIS**
**Assistant Attorney General**
**Civil Rights and Claims Division**
Nashville, Tennessee
Attorneys for Appellees
Attorney for Appellee

**AFFIRMED**


**ALAN E. HIGHERS, J.**


**CONCUR:**

**DAVID R. FARMER, J.**

**HOLLY KIRBY LILLARD, J.**

Steven Cobb appeals from the dismissal of his *pro se* complaint against Charles Wilson, Evelyn Scallions, and Steve Vaughn. The complaint, filed pursuant to 42 U.S.C. § 1983, alleged violations of Cobb's rights under the First, Eighth, and Fourteenth Amendments to the United States Constitution.


## I. Facts and Procedural History

Steven Cobb (or "Appellant") was, at all times relevant, an inmate at the West Tennessee High Security Facility ("WTHSF") in Henning, Tennessee. Appellees Charles Wilson, Evelyn Scallions, and Steve Vaughn were employed by the Tennessee Department of Correction at WTHSF.

Steven Cobb worked as a commercial cleaner (*i.e.*, custodian) at WTHSF from October 11, 1996 through February 4, 1998. Beginning in October of 1997, Cobb alleges that he was made to work on his "off" days. He also alleged that he was not being properly paid for the time he did work. As a result, he filed a grievance with prison officials asserting that he had been deprived of wages and days off. Cobb also requested a job change. Allegedly, the filing of the grievance began the sequence of events which are the subject of Cobb's complaint.

On December 30, 1997, Cobb received a job placement form indicating that he was to report to Moral Recognition Therapy ("MRT").[1]   After reporting to the MRT class on the morning of December 31, Cobb was ordered back to the unit to see appellee Charles Wilson.  Wilson allegedly instructed Cobb to clean the showers and provided appellant with comet cleanser, floor stripper, and a water hose.  Cobb also claims he was given " additional supplies" by appellee Evelyn Scallions.  According to Cobb, he was not given any instructions or training regarding the "use of the hazardous chemicals involved."  Cobb began to clean the shower by applying the cleanser and stripper to the floor and spraying the floor with water.  Appellee Steve Vaughn then instructed Cobb to clean the floor of the shower with a scrub brush.  Cobb claims he was injured when the water/cleaning solution mixture splashed into his right eye.  Cobb informed Evelyn Scallions of his injury, and Ms. Scallions wrote him a pass to the infirmary where medical personnel flushed out Cobb's right eye with water.

Cobb filed a *pro se* complaint in the Circuit Court of Lauderdale County alleging that the actions of the appellees violated his rights under First, Eighth, and Fourteenth Amendments to the United States Constitution, and Article 1, § 8, of the Tennessee Constitution.  According to the complaint, the facts alleged constituted "disparate in [sic] treatment, cruel and unusual punishment, retaliation, [and] arbitrary and capricious decisions . . ." Essentially, Cobb's complaint was premised on the injury to his eye and his claim that the appellees' actions were taken in retaliation for Cobb pursuing his grievances.  The defendants filed a motion to dismiss the claim pursuant to Tennessee Rule of Civil Procedure 12.02(6) for failure to state a claim upon which relief may be granted.  The defendants also filed a motion to stay discovery pending a ruling on the motion to dismiss.[2]  The motion to dismiss was granted by the circuit court and this appeal followed.  On appeal, Cobb asserts that the trial court erred in dismissing the complaint since he should have

been allowed to amend his factual allegations. Also, Cobb asserts that the trial court erred by not granting his request for production of documents.[3]

## Law and Analysis

### *Motion for Production of Documents*

Appellant argues that the trial court should not have dismissed his claim in light of the pending motion for production of documents. He asserts that the production of these documents was required to "accurately amend his allegations."

This court previously, in dealing with a motion to dismiss for failure to state a claim, has stated that T.C.A. § 41-21-804(a) requires a trial court to suspend all discovery upon the filing of a motion to dismiss a claim as frivolous. Sweatt v. Campbell, 1999 WL 95978 (Tenn. Ct. App., W.S., February 25, 1999). Section 41-21-804 sets forth three factors for courts to consider in determining whether a claim is frivolous. These factors are: "(1) whether the claim has a chance of success; (2) whether the claim has a basis in law and in fact; and (3) whether the claim is substantially similar to a previous claim filed by the inmate . . ." Tenn. Code Ann. § 41-21-804(b)(1997). In the present case, defendant's motion to dismiss was based, in part, upon the claim that Cobb's complaint had no basis in law and in fact. The motion to dismiss was, therefore, analogous to a claim that the case was frivolous.[4] As such, we find that discovery was suspended pending a decision on the motion to dismiss.

Additionally, we disagree with appellant's argument that he was entitled to certain documents in order to support his factual allegations. In this regard, appellant misconstrues the nature of a motion to dismiss under rule 12.02(6). The appellant's discovery request related to any documents concerning the use of certain cleaning materials, safety procedures for the use of such materials, and training he had received in the use of said cleaning materials. While this information might be of evidentiary value, such discovery has

no effect on the sufficiency of the complaint, which is the sole focus of a 12.02(6) motion to dismiss. Accordingly, we find no error in the trial court's dismissal of this case in spite of the pending motion for production of documents.


## *Evelyn Scallions and Steve Vaughn*

A Tenn. R. Civ. P. 12.02(6) motion to dismiss for failure to state a claim upon which relief can be granted tests only the sufficiency of the complaint, not the strength of a plaintiff's proof as does, for example, a motion for a directed verdict. Merriman v. Smith, 599 S.W.2d 548, 560 (Tenn. Ct. App. 1979). The failure to state a claim upon which relief can be granted is determined by an examination of the complaint alone. Wolcotts Fin. Serv., Inc. v. McReynolds, 807 S.W.2d 708, 710 (Tenn. Ct. App. 1990). The basis for the motion is that the allegations contained in the complaint, considered alone and taken as true, are insufficient to state a claim as a matter of law. Shelby County v. King, 620 S.W.2d 493, 494 (Tenn. 1981); Shipley v. Knoxville Journal Corp., 670 S.W.2d 222, 223 (Tenn. Ct. App. 1984). The motion admits the truth of all relevant and material averments contained in the complaint but asserts that such facts do not constitute a cause of action. League Cent. Credit Union v. Mottern, 660 S.W.2d 787, 789 (Tenn. Ct. App. 1983). In scrutinizing the complaint in the face of a Rule 12.02(6) motion to dismiss, we should construe the complaint liberally in favor of the plaintiff, taking all allegations of fact therein as true. Fuerst v. Methodist Hospital South, 566 S.W.2d 847, 848-49 (Tenn. 1978); Holloway v. Putnam County, 534 S.W.2d 292, 296 (Tenn. 1976). The motion should be denied unless it appears that the plaintiff can prove no set of facts in support of his or her claim that would entitle him or her to relief. Fuerst, 566 S.W.2d at 848.


In his amended complaint, Cobb names Evelyn Scallions and Steve Vaughn as defendants. In order to sustain a claim under 42 U.S.C. § 1983, the pleadings must contain

factual allegations sufficient to show unconstitutional conduct. Chapman v. City of Detroit, 808 F.2d 459 (6th Cir. 1986). The complaint is not sufficient if it merely states conclusory allegations. Smith v. Rose, 760 F.2d 102, 106 (6th Cir. 1985).

In the present case, we find nothing in the complaint to show unconstitutional conduct on the part of Evelyn Scallions or Steve Vaughn. As to Evelyn Scallions, the record is devoid of any hint of unconstitutional conduct. In fact, the claim against her is especially perplexing when one considers that she wrote a pass to the infirmary for the appellant when his alleged injury occurred. To use the language in appellant's complaint, Scallions " immediately notified the clinic of this emergency." Outside of this one positive interaction between the appellant and Scallions, her name is rarely mentioned in the record. Even the most liberal reading of the complaint fails to provide a basis for the claim against Scallions.

Cobb alleges that Steve Vaughn instructed him to clean the showers with a scrub brush. As a result of this order, Cobb suffered the injury when the cleaning solution splashed into his eye. While it is unfortunate that Mr. Cobb suffered an injury, that injury does not amount to a violation of his constitutional rights. See Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (stating that an Eighth Amendment claim requires a showing that the inmate "is incarcerated under conditions posing a substantial risk of serious harm"). A one-time, relatively minor injury certainly does not state a claim under the Farmer standard. As we see no other factual allegations against Vaughn or Scallions which could possibly support a claim of unconstitutional conduct, we find no error in the trial court's dismissal of the complaint against Evelyn Scallions and Steve Vaughn.

### *Charles Wilson*

Cobb alleges that the actions of Charles Wilson constituted "cruel and unusual

punishment, retaliation, [and] arbitrary and capricious decisions." The complaint, however, does not provide a factual basis sufficient to support the claims as a matter of law. Even assuming the truth of all factual allegations made by the appellant, it is clear that those facts do not amount to a violation of appellant's civil rights. Prison officials have broad discretion over all aspects of the operation of prisons. Hewitt v. Helms, 459 U.S. 460, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983); Meachum v. Fano, 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976); Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). As far as we can determine, the appellant's primary complaint is that he did not like the job he was made to perform.[5] Appellant had no protected due process right in a particular job. See Sandin v. Conner, 515 U.S. 472, 115 S.Ct.2293, 132 L.Ed.2d 418 (1995). As such, Cobb has no right to complain about a particular job assignment. All decisions made by Wilson were squarely within the broad discretion that such officials are afforded.

Appellant also fails in his complaint to make out a viable claim of retaliation. This claim must include a "chronology of events from which retaliation may plausibly be inferred." Ishaaq v. Compton, 900 F.Supp. 935, 940 (W.D. Tenn. 1995) (quoting Cain v. Lane, 857 F.2d 1139, 1143 n. 6 (7th Cir. 1988)). The prison official's conduct must transcend all bounds of reasonable conduct and shock the conscience. Id. (citing Williams v. Smith, 717 F.Supp. 523, 525 (W.D.Mich. 1989). In short, the prison official's alleged conduct must constitute "an egregious abuse of governmental power." Cale v. Johnson, 861 F.2d 943, 950 (6th Cir. 1988).

Cobb makes no allegations which could possibly be construed to constitute " egregious" conduct on the part of Wilson. Cobb merely alleges that all actions taken against him arose from his filing of a grievance. Such conclusory allegations are not sufficient to make out a claim of retaliation. See Ishaaq, 900 F.Supp. at 940 (citing Smith v. Halford, 570 F.Supp.1187, 1194-95 (D.Kan. 1983).

Finally, appellant argues that he should have been allowed to amend his complaint in order to present sufficient factual allegations to support his claim. This issue is without merit since we find nothing in the record to indicate that appellant ever made a motion to amend in the trial court. Appellant cites numerous cases standing for the proposition that permission to amend should be freely given. See Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) (discussing the opportunity to amend complaint *before* the motion to dismiss is ruled upon); Interroyal Corp. v. Sponseller, 889 F.2d 108 (6th Cir. 1989) (reversing trial court decision that denied plaintiff's motion to amend complaint); Gillihan v. Shillinger, 872 F.2d 935 (10th Cir. 1989) (trial court erroneously denied plaintiff's motion to supplement his complaint); Allen v. Ronan, 764 F.Supp. 738 (D. Conn. 1991) (trial court permitted leave to amend complaint provided plaintiff could set forth facts supporting his claim). However, the cases cited by the appellant apply to instances where the motion to amend came *before* the dismissal of the case. We find nothing to indicate that this court should entertain a motion to amend a complaint where such a motion was not filed prior to the trial court's dismissal of the case.

## *Conclusion*

For the reasons stated herein, we affirm the trial court's dismissal. Costs of this appeal are taxed against Steven Cobb.

_____

_____  HIGHERS, J.

CONCUR:

FARMER, J.

LILLARD, J.