PETE THOESEN TRACTOR & EQUIP-
MENT REPAIR CO., Plaintiff,

v.

CITY OF CHICAGO, Defendant.

No. 83 C 8549.

United States District Court,
N.D. Illinois, E.D.

April 27, 1984.

M. Leslie Kite and David Schachman, Chicago, Ill., for plaintiff.

Dodge Wells, Asst. Corp. Counsel, James D. Montgomery, Chicago Corp. Counsel, Chicago, Ill., for City.

Sidney L. Rosenfeld, Solomon, Rosenfeld, Elliott, Stiefel & Glovka, Chicago, Ill., for Cummins.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

 On March 7, 1984 the City of Chicago ("Chicago") filed its memorandum in support of its previously-filed motion to dismiss the Complaint filed last November 23 by Pete Thoesen Tractor & Equipment Repair Co. ("Thoesen"). Although this Court has just this week established a briefing schedule for Thoesen's answering memorandum and Chicago's reply, its own subsequent review of the Complaint and applicable authorities has permitted it to deal with the issues without those further submissions:

1. Count I is dismissed for the twofold reasons asserted at Mem. 3–4. Though the first, an insufficient allegation to support subject matter jurisdiction, might be curable as a pleading matter, the second cannot be. *Lupia v. Stella D'Oro Biscuit Co.*, 586 F.2d 1163, 1167–69 (7th Cir.1978), *cert. denied*, 440 U.S. 982, 99 S.Ct. 1791, 60 L.Ed.2d 242 (1979), held price discrimination under the Robinson-Patman Act, 15 U.S.C. § 13(c) can be asserted only by a fellow consumer unable to *obtain* a discount, not (as here) by a plaintiff whose only role is as a competitor of the entity *awarding* such a discount. Dismissal is therefore required, without leave to replead.

2. Count III is dismissed on the authority of *Havoco of America, Ltd. v. Shell Oil Co.*, 626 F.2d 549, 556, 558–59 & n. 6 (7th Cir.1980). Though the flawed claim *could* perhaps be cured by appropriate pleading, before that were sought to be done Thoesen and its counsel must be mindful of Fed.R.Civ.P. ("Rule") 11 as amended in 1983 and 28 U.S.C. § 1927 (both applicable to counsel) and of the comparable restraints on litigants.

3. Count IV is dismissed on the analysis reflected in this Court's opinions cited at Chicago's Mem. 7. Although total repleading might conceivably state a proper RICO claim against Chicago, once again the considerations mentioned as to Count III are applicable.

4. Counts V and VI are dismissed for failure to assert breaches of rights cognizable under 42 U.S.C. § 1983 ("Section 1983"):

(a) Thoesen's claim of deprivation of Fourteenth-Amendment-guaranteed property rights in a mere breach of contract case against a state actor proves too much. Though a contract right may indeed be a species of "property," the very name of the Due Process Clause teaches the plaintiff must have been deprived of that property without due process of law. As Judge Posner stated incisively in dissenting from the recognition—unique in the case law—that personal *employment* contracts require predeprivation hearings for Section 1983 purposes, *Vail v. Board of Education of Paris Union School District No. 95*, 706 F.2d 1435, 1449 (7th Cir.1983), aff'd by an equally divided Court, —— U.S. ——, 104 S.Ct. 2144, 80 L.Ed.2d 377 (1984):

If this logic is applied unflinchingly, any time a school board or any other local government body breaks a contract without first holding a hearing, the contractor—who need not be an employee, who could be a supplier of paper clips—can get damages in federal court.

(b) Thoesen asserts (Counts V and VI ¶ 26.b) infringement of First Amendment rights (protected against state action via the Fourteenth Amendment), but that assertion is a naked conclusion without any support in the Complaint's substantive allegations. To be sure, Rules 8(a) and 8(e) allow notice pleading, but even their low threshold calls for *facts*. Thoesen has not passed that threshold.

(c) Finally Thoesen invokes the Equal Protection Clause. Again its bare recitation of a talismanic phrase cannot transmute the base metal of a garden-variety contract claim into the gold of a Section 1983 action.

Thoesen's failure to adduce the facts requisite for Section 1983 action is fatal to this Complaint. *Jafree v. Barber*, 689 F.2d 640, 644 (7th Cir.1982) (per curiam). Were Thoesen to try again, the same considerations voiced as to Count III would be relevant here.

5. To the extent Count VI invokes 42 U.S.C. § 1985 ("Section 1985") that too must be dismissed. *United Brotherhood of Carpenters and Joiners v. Scott,* — U.S. ——, 103 S.Ct. 3352, 3358, 77 L.Ed.2d 1049 (1983) held "rights, privileges, and immunities that § 1985(3) vindicates must be found elsewhere." No such rights have been unearthed in the Complaint. Moreover this case does not pose the kind of class-based animus *United Brotherhood* teaches is essential to Section 1985 coverage. Section 1985 must fall with the other theories.

6. Counts VII, VIII and IX are pendent state claims. Now lacking federal underpinning, they too are dismissed. It appears Thoesen would be better advised to heed the classic admonition:

Don't try to make a federal case out of it.

For the foregoing reasons the Complaint is dismissed as to Chicago. Because at the last status date Thoesen's counsel advised settlement had been reached and was being implemented as to co-defendant Cummins Illinois Engine Sales Corp. ("Cummins"), the Complaint and this action are dismissed in their entirety, with leave to Thoesen to reinstate as to Cummins on or before May 25, 1984 if the settlement has not been completed.